ALBANY,
Jan. 1813.

EXECUTORS OF
SCHOONMAKER
v.
ELMENDORF.

New trial granted.

————⚫❀⚫————

## EXECUTORS OF SCHOONMAKER *against* ELMENDORF AND ANOTHER, SURVIVORS OF DEWITT.

THE writ of *scire facias*, in this cause, stated that *Thomas Schoonmaker* and *Wyntje Schoonmaker,* the testatrix, recovered judgment against the defendants, in this court, in *August* term, 1805, for 2,500 dollars *debt,* and 74 dollars and 14 cents damages and costs; and that afterwards *Thomas* died, and the testatrix survived him; that afterwards, on the 23d of *July,* 1811, the testatrix died, having first made her will, and thereby appointed the plaintiffs her executors, &c.; that the judgment was recovered on an obligation, dated the 5th of *September,* 1797, executed by *Dewitt,* in his lifetime, and the defendants, for the payment of 2,500 dollars, conditioned that the obligors should, during the natural lives of *T.* and *W. Schoonmaker,* provide them with competent and sufficient support and maintenance, &c. fit and convenient for such aged persons, or should pay to them yearly, during their natural lives, the sum of 65 dollars and 50 cents, and after the death of either of them, the sum of 32 dollars and 50 cents, to the survivor; yearly, for life; that the suit on which the judgment was obtained, was commenced in *November* term, 1803, for a breach of the condition of the bond; that the plaintiffs suggested other breaches of the condition, during the lives of *T.* and *W. Schoonmaker,* and since the death of *W. Schoonmaker;* the *scire facias* was for the defendants to show cause why execution should not issue on the judgment for the damages sustained by such further breaches. *Scire feci* having been returned, the defendants prayed judgment of the writ, because, before the issuing out of the writ of *scire facias,* and before the judgment, and before the giving the bond, *W. Schoonmaker,* the testatrix, was a *feme covert,* the wife of *T. Schoonmaker,* and so remained *covert,* until her death, with a verification, &c. Wherefore they pray judgment, if the plaintiffs ought to have and maintain their said action, &c.

*A bond was given to A. and his wife, conditioned for their maintenance, during their joint and several lives. It was held to be a valid bond, and that a suit might be brought on it, by the husband and wife jointly. After judgment on such a bond in favour of the husband and wife, the husband died, and afterwardsthe wife died, and it was held, that the executors of the wife might bring a* scire facias *on the judgment. Where a plea begins in abatement and concludes in bar, it may be considered a plea in bar: and if a demurrer to such a plea concludes in bar, the judgment will be final.*

To this plea the plaintiffs *demurred;* 1. Because the fact of coverture was immaterial, as the judgment was recovered by *T.* and *W. Schoonmaker* jointly, and *W. Schoonmaker* survived her husband, *T. Schoonmaker;* 2. Because the plea commences with praying judgment of the writ, and concludes with praying judgment of the action, &c. The defendant joined in the *demurrer.*

*P. W. Radcliff,* in support of the demurrer. The suit was originally well brought in the name of the husband and wife, she having a meritorious cause of action.*

* *Chit. on
Plead.* 19, 20.
2 *Bl. Rep.*
1236. *Selw.
N. P.* 24. 308,
309.

If the defendant meant to avail himself of the objection as to a part of the plaintiffs' demand accruing during the life of the husband, he ought to have pleaded the *coverture* in *abatement* to that, and in *bar* as to the residue accruing since the death of the husband.†

† *Chit. on
Plead.* 443,
444.

The plea begins in abatement, though it concludes in bar, and is, in truth, a plea in abatement. The matter on which the defendant relies in his plea, existed antecedent to the judgment, and if pleadable at all, might have been pleaded before; and it is a settled rule that nothing can be pleaded to a *scire facias* on a judgment, but what has accrued since the judgment.

As the plaintiffs have demurred in bar, and the demurrer concludes in bar, the judgment, in this case, must be final.‡

‡ *Chit. on
Plead.* 457.
*Bac. Abr.
Abatement,*
P. *Com. Dig.
Abatement,* I.
15.

*Sudam,* contra. The plaintiffs, as executors, have issued a *scire facias,* and assigned breaches; but they ought first to have issued a *scire facias* to revive the judgment in their favour, as the executors of the surviving obligee. The plaintiffs proceed under the statute, and they must be held strictly to its provisions. Before they proceed for damages, they must first show their right as executors, which can only be done by a *scire facias* in their favour. This objection is fatal to the suit. The plaintiffs should have prayed to have the judgment revived in their favour as executors; but they pray only for an execution for the damages.

*Radcliff,* in reply, said, the defendants ought to have pleaded in abatement that the plaintiffs were not executors; and not having done so, they admit them to be executors, and cannot now raise this objection.

*Per Curiam.* The bond was given to the husband and wife

jointly, for their maintenance, during their joint and separate lives. The wife was properly a party to the bond, for she had a distinct interest, and one which was intended to survive to her, if she survived her husband. There can be no doubt that the bond so taken was valid, and that the husband and wife might join in a suit upon it. (*Stra.* 230. *Cro. Jac.* 77.) The original suit and judgment being in favour of them jointly, the interest in the judgment survived, of course, to her, as the survivor; and the *scire facias* was well brought by her executors. The *scire facias* states every fact requisite to show that the plaintiffs were entitled to execution upon the judgment, and the defendants were warned to show cause why execution should not be had. There is no error, at least in substance, in the *scire facias*; and as the plea concludes in bar, though it begins in abatement, it is to be taken as a plea in bar. (1 *Ld. Raym.* 593.) It rests wholly on the fact that the bond was taken to the husband and wife, during coverture; and this, as has already been observed, is not a well founded objection, for the joint interest of the wife appears upon the face of the condition of the bond; and that this would be sufficient to support a joint obligation to the husband and wife and a judgment thereon, seemed to be admitted in the case of *Bidgood* v. *Way and Wife*. (2 *Bl. Rep.* 1236.)

Judgment for the plaintiffs.