# Griffey *vs.* Payne, for the use of Clark.

*Error to Desmoines.*

Partial failure of consideration, arising from breach of warranty, or otherwise, may be given in evidence in a suit brought on a promissory note.

A statute authorizing such proof, passed after the execution of the note, may operate upon the case. It relates only to the remedy, authorizing the whole matter to be settled in one suit instead of two.

But such statute could not operate upon a note previously given, so as to cut off the equities of the maker, inasmuch as that would affect his *rights,*

This action was commenced by Payne for the use of Clark, against Griffey before a justice of the peace, on a note not negotiable, given by Griffey to Payne, and by him endorsed to Clark. It was afterwards brought into the District Court by appeal. From the bill of exceptions, filed in the case, it appears, that the note on which the suit was founded, was executed as part consideration for a claim on the public lands, consisting of a part of three different tracts of public lands, sold by plaintiff Payne to defendant, that one of said tracts had on it, when sold a small cabin, that the other two were wholly unimproved, that the last two were not the plaintiff's claim, but belonging to other persons at the time of the sale, and that defendant (Griffey) had not received the benefit of them, that the tract with the cabin on it was the plaintiff's rightful claim at the time of the sale, that the two tracts so lost, were of much more value, and worth more a great deal, than the tract and cabin defendant obtained, that the whole consideration agreed on, was two hundred and fifty dollars, one hundred and ninety-three of which had been paid by defendant; that defendant held plaintiff's agreement without seal, and without consideration, expressed on the face of it, to warrant the claim as sold against all persons claims; that defendant on the trial had rendered up said agreement to be cancelled, and prayed the court to instruct the jury, that if they were satisfied that the consideration had failed to a greater amount than the balance unpaid, or that defendant had already paid for as much, or more than he received, they in that event, have a right to find for the defendant, under the statute allowing part failure of consideration to be pleaded, which instruction the court refused. This is the alleged error on which a reversal is sought.

RORER, for plaintiff in error.

BROWNING, for defendant in error.

By THE COURT, MASON, CHIEF JUSTICE.—The note on which this suit was brought, was given as part consideration for a " claim " on the lands of the United States, consisting of three separate tracts, sold by plaintiff below to defendant.   The greater portion of the entire price had been paid.   It appeared also from the evidence that the plaintiff had no right to dispose of two of the tracts above mentioned.   Under these circumstances the court was asked to instruct the jury that if they were satisfied that the consideration had failed, to a greater amount than the balance due, or that the defendant had already paid for as much as he had received, they had a right to find for the defendant under the statute allowing part failure of consideration to he pleaded, which instruction was refused by the court.

We think this refusal was erroneous.   It is true, the plaintiff had warrented his " claim," title or settler's right, to the property sold, and in case of a breach of warranty, the English courts have generally held, that either the property must be restored, and the contract rescinded, or the purchase money paid and damages for the breach of warranty recovered in a cross action.   The courts in this country have, however, in many instances discountenanced this circuity, and given a more direct remedy in cases of partial failure of consideration, arising as well from breach of warranty as otherwise.   The case of Hills vs. Bannister & Butler, 8 Cowen 31, is of this character, and other similar decisions in New York, as well as in the other States, evince a disposition to adopt what seems to us, a more just and reasonable rule.

But further than this, our legislature has spoken on this subject, with a design as we think, to reach cases of this very kind, and to sanction the American decisions above referred to.   It is true, this note was given before that statute was enacted, still, we see nothing to prevent its application here.   It only modifies the *remedy* of the parties, without affecting their *rights*.   It allows the whole matter to be settled at once, without the necessity of two actions, to do justice on both sides.

It was contended in the argument, that the note having been transferred before it became due, the above defence could not be set up.   It should be recollected, however, that the note was not negotiable, and having been executed before the passage of our statute (rendering such instruments transferable in the same manner as inland bills of exchange

and with the same consequences to all parties concerned,) this statute does not operate upon the case. To permit it to do so, would be to affect the *rights* of the parties by a statute passed subsequently to the contract. The defendant can therefore set up the same defence against the assignee, as though the beneficial interest still remained in the original payee.

The judgment of the court below will therefore be set aside, and a new trial ordered.