MARIA D. SANFORD, Respondent, *v.* WILLIAM A. SANFORD, Appellant.

If one loaning money takes a promissory note therefor, payable to the order of himself and his wife, this imports a gift to the wife in case she survives him, and delivery of the note to her by the husband is not necessary to perfect the gift.

During the husband's life such note remains subject to his control, and the wife has no legal interest therein until his decease.

In an action upon such note, brought against the maker by the wife, after death of the husband, the maker being an executor and the wife the executrix of his will, evidence that a legacy to the wife was intended in lieu of the note; that such intended provision was with her knowledge and consent, and that she had produced the note to the appraisers and included it in the inventory as assets of the testator, is competent for the defence, to show that she is not "the real party in interest."

The maker, on becoming an executor, is as well entitled to hold the note, if assets, as the plaintiff; nor can she, by an action at law, compel him to pay it into her hands.

(Argued May 29th; decided June 22d, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the fourth district, affirming a judgment for the plaintiff, entered upon the report of Hon. A. B. James, sole referee.

The following facts were found by the referee: Joseph H. Sanford died in 1866, leaving the plaintiff his widow. In June, 1864, he had loaned to the defendant, who was one of his sons, $5,000 of his own money, and taken from him a promissory note therefor, with interest, payable to the order of Joseph H. and Maria Sanford. Before his death, a committee of his estate had been appointed, under a commission *de lunatico*, to whom the plaintiff, in delivering his personal property, had delivered this note.

By his will, which was duly admitted to probate, the plaintiff and the defendant and another son were named executrix and executors, all of whom accepted, qualified, and entered upon the discharge of that trust.

During his life he kept the note in his possession and received several payments thereon, and his committee received two payments thereon. After his death the committee handed this note to the plaintiff, as executrix. The action is by the plaintiff, in her own name, for a balance of some $4,800 due on the note.

On the trial the defendant offered to prove, that the deceased had intended to bequeath this note to the plaintiff, but, it being suggested that there might be some question about such a bequest, and that it would be better to bequeath a certain sum in lieu of it, and after consultation with the plaintiff, he directed the insertion in his will of a bequest to the plaintiff, among other things, of $10,000, in lieu of the note, which was done, and the will so drawn is the will admitted to probate. This was objected to as immaterial; that the form of the note must control the rights of the parties, and that a recovery can only be defeated by proving that deceased reduced the note to possession in his lifetime, as it is an executory contract, which objection was sustained.

The will was put in evidence, and contained this clause, after the bequests to the plaintiff: " All of which is to be accepted and received by her, in lieu of dower and every and all claims on my estate."

The defendant offered to prove, that after the executors and executrix had qualified as such, the plaintiff signed a receipt, as executrix, acknowledging that she had received the note from the committee, as part of the personal assets of the testator. This was also objected to and excluded.

The defendant also offered to prove that the plaintiff, as executrix, produced the note to the appraisers as part of the personal estate of the deceased for appraisal, and the same was so appraised. This was also objected to as immaterial, and excluded.

The defendant also offered in evidence the inventory, made by the appraisers and executrix, showing the note inventoried and appraised as part of the personal estate of deceased, which was excluded on the same objection.

The referee found, as conclusions of law:

1st. The action properly brought in the name of the plaintiff as surviving payee.

2d. The defendant "is not in a position as sole defendant in this action, to set up the legal or equitable rights of the estate of Joseph H. Sanford, deceased, to the said note or its proceeds, if any such rights exist; that such rights can only be determined when all the proper parties are before the court."

3d. That the plaintiff have judgment.

*Leslie W. Russell*, for the appellant, insisted that the plaintiff was not the real party in interest under section 111 of the Code, citing *Houghton* v. *McAuliffe* (26 How., 270); *Clark* v. *Philips* (21 How., 87); *Eaton* v. *Alger* (57 Barb., 179); *James* v. *Chalmer* (2 Seld., 214); *Killmore* v. *Culver* (24 Barb., 656); *Dewitt* v. *Brisbane* (16 N. Y., 509); *Snider* v. *Ridgway* (49 Ill., 1 Alb. L. J., 336). That defendant, as executor, is bound to protect the estate, and payment to an unauthorized person would not protect him. (*Decker* v. *Miller*, 2 Paige, 149; *Smith* v. *Lawrence*, 11 id., 206; Dayton, 549.) The evidence offered was proper to rebut any presumption of a gift of the note to the wife. (*Borst* v. *Spelman*, 4 N. Y., 288; *Rom. C. Asylum* v. *Strain*, 2 Bradf., 34; *Scott* v. *Simes*, 10 Bosw., 314; *Craig* v. *Craig*, 3 Barb. Ch., 78; *Jaques* v. *Short*, 20 Barb., 269; *Brown* v. *Brown*, 23 id., 565; *Geary* v. *Page*, 9 Bosw., 290; *Kingdon* v. *Bridges*, 2 Vern., 67; *Glaister* v. *Hewer*, 8 Ves., 99; *Bryant* v. *Bryant*, 42 N. Y., 17; *Smith* v. *Maine*, 25 Barb., 34.)

*Edward C. James*, for the respondent, cited *Borst* v. *Spelman* (4 N. Y., 288); *Draver* v. *Jackson* (16 Mass., 479); *Roman Catholic Orphan Asylum* v. *Strain* (2 Bradf., 34); *Christ's Hospital* v. *Budgin* (2 Vernon, 683); *Dummer* v. *Pitcher* (5 Simons, 35); *Scott* v. *Simes* (10 Bosw., 314); *Richardson* v. *Daggett* (4 Vermont, 336); *Briggs* v. *Beach* (18 Vermont, 115); *Schoonmaker* v. *Elmendorf* (10 Johns., 49);

*Craig* v. *Craig* (3 Barb. Ch., 78); *Jaques* v. *Short* (20 Barb., 269); *Coates* v. *Stevens* (1 Yo. & Coll. Exqr. R., 66); *Kingdon* v. *Bridges* (2 Vern., 67); *Glaister* v. *Hewer* (8 Vesey, 199); *Day* v. *Pargrave* (cited in 2 M. & S., 396); *Gaters* v. *Madelcy* (6 Mees. & W., 423); *Scarpellini* v. *Atcheson* (7 Adol. & El., N. S., 864); *Nash* v. *Nash* (2 Mad C. C., 133); *Cheekly* v. *Cheekly* (2 Shower, 247); *Howard* v. *Okes* (3 Wels. H. & G., 136); *Allen* v. *Wilkins* (3 Allen, Mass.); *Gibson* v. *Todd* (1 Rawle, Penn.); 1. Rolle Ab., 342; Bar. & F. D., id., 349; *Demlyn* v. *Brown* (Moore, 889); *Coppin* v. ——— (2 P. Wms., 496); *Datton* v. *Midland R. R. Co.* (20 Eng. L. & E., 273); *Richards* v. *Richards* (2 B. & Ald., 447); Reeves' Dom. Rel., 132; *Hoy* v. *Rogers* (4 Monroe, Ky.); *Mann* v. *Mann* (14 Johns., 11); *Charter* v. *Charter* (41 Barb., 525); *City Bank of New Haven* v. *Perkins* (29 N. Y., 568); *Brown* v *Penfield* (36 N. Y., 475).

PECKHAM, J. The note being payable to husband and wife jointly, belonged to the wife as survivor. (*Borst* v. *Spelman*, 4 N. Y., 288; *Draper* v. *Jackson*, 16 Mass., 480.) This is so, though the consideration was paid by the husband, if there are assets sufficient without this money to pay defendants. (*Christ's Hospital* v. *Budgin*, 2 Vern., 683; *The R. C. Orphan Asylum* v. *Strain*, 2 Brad. R., 34; *Scott* v. *Simes*, 10 Bosw., 314; *Dummer* v. *Pitcher*, 5 Simons, 35; and other analogous cases; *Schoonmaker* v. *Elmendorf*, 10 J., 49; *Craig* v. *Craig*, 3 Barb. Ch. R., 78; 4 Bright's Husb. and Wife, by Lockwood, 32; and cases cited.)

Taking this note in the name of himself and wife shows that the husband intended thereby to give it to her, in case she survived him, and a delivery to her was unnecessary to perfect the gift.

Assuming this to be so, yet during the life of the husband the note is subject to his control and disposition. The wife has no legal interest in it until his decease.

In this case the defendant offered to prove substantially that, by an arrangement between the husband and wife, he had

given to her by his will a legacy of more than double the amount of this note, in lieu of the note ; that that contract or arrangement had been fully executed on his part, and that after his decease she had executed it on her part by receipting the note to the committee of her deceased husband as part of the assets of his estate ; by delivering the note to the appraisers of his estate as a part of his assets, and by her placing it upon the inventory as belonging to his estate.

This testimony was objected to, and it was rejected by the court, not upon the ground that it did not show that the plaintiff, the surviving wife, was not the owner of the note, but that she could maintain this action though she was not the owner. " That the defendant was not in a position to set up the legal or equitable rights of the estate of his father, J. H. Sanford, to the note, or to its proceeds ; that such rights could only be determined where all the proper parties were before the court."

There were some other objections and positions taken at the trial, but they are not urged here.

The Code declares that " every action must be prosecuted in the name of the real party in interest," except as specified in section 113. (Code, § 111.) It is not claimed that the plaintiff comes within the exception of being a trustee of an express trust. Hence it is not necessary to refer to that.

How, then, can this action be maintained in the name of this plaintiff, when she does not own the note—when she is not the " real party in interest ?"

The plaintiff insists that the defendant has no right to question the plaintiff's title ; that so long as he owes the demand, and no other person sets up any claim or forbids the payment, he is bound to pay the person who has the note in possession, so long as he does not hold it in bad faith.

*The City Bk. of N. Haven* v. *Perkins* (29 N. Y., 568) gives some sanction to this doctrine, in the language of the judge delivering the opinion. That case and the later case of *Brown* v. *Penfield* (36 N. Y., 475) were undoubtedly well decided. They are in entire harmony with the Code. For

any dicta going beyond the cases, no one is responsible except the learned judges who made them.

They referred to a case in 15 Wendell, 640, of *Gage* v. *Kendall*, for the rule as to the person who might maintain the action, and that if he were not the owner he might sue as trustee for the real owner. But this had no application to the Code, which prescribes the present governing rule. That is, he must be " the real party in interest," except in the excepted cases.

It is insisted here that the defendant did not offer to prove that the plaintiff accepted the provision made for her in the will in lieu of the note. He did not make that offer in terms. But the testimony he did offer, that the provision was made in lieu of the note, after consulting with the plaintiff and with her knowledge and consent, and that after his death she treated the note in every respect as belonging to the estate of her husband and not to herself, is strong evidence of her acceptance of that provision; strong evidence that the note then was the property of the estate and not hers. It would have warranted a verdict to that effect, if left uncontradicted. Hence the offer was sufficient. No question of the solvency of the estate was made at the trial. Besides, insolvency is not to be presumed.

It is said that the defendant owes this note, and why should he not pay it to the plaintiff?

But he owes it to the estate of his father, and not to the plaintiff, and he represents that estate as much as the plaintiff. This is part of the assets of the estate. Why are they not as safe in the hands of one executor as of another ? It is not pretended they are not. Why has he not as much right to hold them as either of the other representatives ? It may be that his interest in the estate is much larger than hers. Why, then, should she insist upon taking this money into her hands?

If this money be needed for the proper settlement of the estate, and the defendant refuses to apply it, his co-executors could compel him to pay the note by application to equity

powers of the court, and then the court could properly apply the money.  (*Smith* v. *Lawrence*, 11 Paige, 206–209.)

Judgment reversed.  New trial ordered, costs to abide the event.

All concur, except ALLEN, J., not voting.

Judgment reversed and a new trial granted.