SANFORD V. SANFORD, appellant.

*Survivorship. Construction of will. Evidence. Estoppel.*

J. S. loaned defendant $5,000, taking therefor a note of defendant payable to J. S. and plaintiff, his wife, jointly. Afterward J. S. was declared insane, and a committee of his estate was appointed to whom plaintiff delivered the note. Subsequently J. S. died, leaving a will in which was a specific bequest to plaintiff which was declared to be in lieu of dower and every claim against the testator's estate. Afterward the note was given up to plaintiff, who was executrix under the will, and she gave a receipt in which the note was described as belonging to the estate. There was evidence that the testator did not intend to give the note in addition to the bequest. *Held*, that upon the face of the note plaintiff was the owner of it, and this conclusion could be overcome only by evidence of a transfer to J. S., and such transfer did not appear. *Held*, also, that evidence of the intent of J. S. as to the disposition of his property could not change the will, there being no latent or patent ambiguity therein.

*Held*, also, that the acts of the plaintiff, in relation to the note, did not estop her from claiming title.

Evidence was given in explanation of her acts, showing that plaintiff was ignorant of her rights. *Held*, admissible.

APPEAL by defendant from a judgment in favor of the plaintiff for $6,879.27, rendered upon a decision of the court upon a trial without a jury.

The action was upon a promissory note dated June 20, 1864, for $5,000 and interest, payable in two years, signed by William A. Sanford, the defendant, and payable to the joint order of his father, Joseph H. Sanford and Maria D. Sanford, the plaintiff, who was the wife of said Joseph.

The defense was that the plaintiff was not the real party in interest, but that the note belonged to the estate of said Joseph H. Sanford, deceased.

The consideration of the note was a loan of money made by Joseph H. Sanford to the defendant. Some interest and principal had been paid on the note. On the 19th day of July, 1865, said Joseph made and duly executed his last will and testament, wherein he devised and bequeathed the bulk of his real and personal property to the plaintiff, including a bequest of $10,000 in cash, which devise and bequest were expressed in said will to be in lieu of dower and every and all claims upon the estate.

On the 5th of June, 1866, a committee was appointed to take charge of the estate of said Joseph, he having become a lunatic, and the note was delivered by plaintiff to such committee as part of her husband's property. The committee retained the note until after the death of said Joseph, and until after plaintiff qualified as one of the executors under the will. At the time of taking possession of the note plaintiff gave a receipt in which the note in question was described as belonging to the estate of the deceased.

Some evidence was given showing that the husband did not intend, by his will, to give the plaintiff a greater sum than $10,000, and did not intend to have the note pass to her in addition to such amount.

The case was first tried in 1868, before Mr. Justice JAMES as referee. He excluded the defense, and held that the form of the note was conclusive evidence as to plaintiff's right to recover as survivor, and that she being the apparent holder, it was immaterial as to whether, as between her and the estate, she was the actual holder or not. The general term affirmed this decision and the court of appeals reversed it, and a new trial was had and judgment rendered for plaintiff. Upon appeal to the general term a new trial was ordered, which was had before Mr. Justice JOSEPH POTTER, and from the judgment thereat this appeal is taken.

Many other facts are stated in the report of the case, when in the court of appeals, in 45 N. Y. 723. Additional facts were proved upon the present trial, which will sufficiently appear in the opinion.

*Edward C. James,* for respondent.

*L. W. Russell,* for appellant.

BOARDMAN, J.    A critical reading of the case and the appellant's points satisfies this court that there is no error for which this judgment should be reversed and a new trial granted.

1. The law, upon the face of the paper alone, would make plaintiff the owner of the note. That legal conclusion could be overcome by evidence of an actual transfer of her inchoate interest to her husband in his life-time, or of such facts, circumstances or declarations upon her part, after the death of her husband, as should satisfy a court or jury that such transfer had been made to her husband while living. 45 N. Y. 723.

The defendant attempted, by both means, upon the trial, to satisfy the court of such transfer and failed. There is no satisfactory evidence of an actual transfer during the husband's life-time to him. It is fair to assume that both the husband and wife supposed the note in suit at his decease would be assets belonging to his estate. Doubtless the testator, upon making provision for his wife by will, intended she should not take this note by survivorship. Very likely neither of them knew the legal rule which would control the transmission of its title upon his death. But there is nothing in the will that carries such intent and purpose into legal effect. It is simply a failure by will to express the real purpose of the testator. As there is no ambiguity, latent or patent, in the terms of the will, it must be construed literally and according to its terms. The intent of the testator, even if clearly proved, cannot change the will or operate upon its construction. Still less can such intent overrule the law in its application to property not mentioned in the will. The evidence of plaintiff's acts and declarations, inconsistent with her claim of title after her husband's death, are not of such a conclusive character as necessarily to overthrow the legal presumption of title in plaintiff. Beside this we have the plaintiff's explanation of such evidence in her ignorance of her rights and her claim that her title was consistent with her deceased husband's intent, founded upon proof of his declaration of a gift of the note to her in his life-time. This evidence was admissible for what it was worth, but it still leaves to be determined as a fact whether the note belonged to the plaintiff or the estate. That fact having been determined in favor of the plaintiff is conclusive, unless plainly against the weight of evidence, of which there can be no pretense.

This note, upon such finding, did not become a part of the estate. Plaintiff's claim of ownership was not, therefore, a claim on the estate, so as to be cut off under the first provision in the will, giving to plaintiff a legacy of $10,000, "in lieu of dower, and every and all claims on my estate." The court of appeals settled that proposition when the case was before it.

Nor is there any pretense of an estoppel arising from plaintiff's acts and declarations after her husband's death. No one has parted with any money or property upon the faith of her acts nor has any one been thereby injured. It lacks all the elements of an estoppel. No one was misled ; no one intended to mislead ; no one was harmed

or injured by the conduct or admission of the plaintiff. *Jewett* v. *Miller*, 10 N. Y. 402; *Griffith* v. *Beecher*, 10 Barb. 432.

The objection to plaintiff's evidence of ignorance of her rights is not well taken. So held in this case of *Sanford* v. *Sanford*, 61 Barb. 304, in relation to the same matter.

The objection to plaintiff's evidence that the note came into her possession in 1865 is not tenable. No ground of objection was stated. *Levin* v. *Russell*, 42 N. Y. 251. The evidence is not necessarily of a transaction with her deceased husband, as might have appeared if a proper ground of objection had been made. A still better reason is that, in the view of the whole case here taken, it was entirely immaterial when the note in suit came into plaintiff's possession.

This summary review of appellant's points reveals nothing of error which should induce this court to interfere with the decision had.

The judgment is therefore affirmed, with costs.

*Judgment affirmed.*