### RICHARD BELL AND CHARLES F. SMITHERS, RESPONDENTS, v. THOMAS TILDEN, APPELLANT.

*Real parties in interest — mere collecting agents are not.*

Where a foreign corporation, owning a bill of exchange, sent it to its agents in New York for the special purpose of having an action commenced upon it,

such agents having no interest in the bill or its proceeds; *held*, that such agents were not the real parties in interest, and could not maintain an action thereon in their own names

APPEAL from a judgment in favor of the plaintiffs, entered upon a verdict directed by the court. The action was brought to recover $3,000 in gold coin on the acceptance by the defendant of a bill of exchange, drawn payable to the order of the drawer thereof and indorsed by him.

*Alexander Ostrander* and *Gilbert O. Hulse*, for the appellant.

*Redfield & Hill*, for the respondents.

DAVIS, P. J.:

On the trial the plaintiffs produced a bill of exchange described in the complaint, and proved the indorsement thereof, made by the payee in blank, and after reading the same in evidence rested. This possession and production was *prima facie* evidence of ownership in the plaintiffs. The motion to dismiss the complaint on the ground that the plaintiffs had not shown that they were the real parties in interest and *bona fide* holders was properly denied. The defendant then called one of the plaintiffs, and proved by him that the plaintiffs were agents of the Bank of Montreal, in Canada, and that the draft was sent to plaintiffs by the Bank of Montreal, with instructions to put it in suit against the defendant, and for that special purpose, and the plaintiffs put it into the hands of their attorneys for the purpose of being sued. The following question was then asked: " Have you or your partner any interest in the proceeds of that draft? " This question was objected to as immaterial. The objection was sustained, and the defendant duly excepted. Several questions of like import were asked, objected to and excluded, and exceptions taken. No further evidence was given tending to show any ownership or interest in the plaintiffs in the bill of exchange. At the close of their testimony the defendant's counsel again moved to dismiss the complaint, on the ground that mere naked agents, as plaintiffs are proved to be, cannot, not being the parties in interest, sue on such an obligation.

The court denied the motion, and defendant duly excepted.   The evidence showed clearly that the plaintiffs were mere naked agents of the Bank of Montreal, having, in fact, no legal title to the paper in suit, and no interest whatever therein.

The presumptions arising from possession of the paper were completely rebutted and overthrown, when it appeared affirmatively that the instrument was not indorsed to the plaintiffs but the Bank of Montreal, and that the plaintiffs came into the possession thereof, as agents of the bank, without any interest in the paper, with instructions to put it in suit against the defendant, and for that special purpose.   This state of facts distinguishes the case from all those cited by the learned counsel for the respondent. In each of the cases cited, with possibly the exception of *Hays* v. *Southgate* (10 Hun, 511), it distinctly appeared that the legal title was in the plaintiffs ; and the case of *Hays* v. *Southgate* is distinguishable from this by the fact that in this case it affirmatively appeared that the possession of the plaintiffs was that of a naked agent.   The possession of an agent is the possession of the principal, and, of itself, carries no legal title to the agent.   The Code declares that every action must be prosecuted in the name of the real party in interest.   (Code, § 111.)   It was subsequently held in *Sanford* v. *Sanford* (45 N. Y., 723), that this section of the Code was not altogether abrogated by judicial repeal ; and the criticism of Peckham, J., upon the cases referred to, seems to have been adopted by the court.

The general rule before the Code was that actions could not be maintained in the name of mere agents.   (*Harp* v. *Osgood*, 2 Hill, 216; *Taintor* v. *Prendergast*, 3 id., 72; Paley on Agency, chaps. 4, 5.)  ·

To enable an agent to maintain an action in his own name, there must be something more than the mere powers of a naked agent. It was clearly shown in this case that the plaintiffs had nothing but such powers.

To sustain the ruling in this case, would be to hold that all foreign corporations may maintain actions in this State in the name of mere naked agents, and thus evade the provisions of our statute requiring bonds for costs to be given by such foreign corporations ; and indeed it would allow all actions upon negoti-

able contracts to be brought in the names of simple collecting agents.

The judgment should be reversed, new trial granted, with costs to abide the event.

INGALLS, P. J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Judgment reversed, new trial ordered, costs to abide event.