ELIZA C. ALLEN *v.* ALMEDA TATE ET AL.

1. PROMISSORY NOTE. *Surviving payee of joint note. Right of action.*

On the death of one of the two joint payees of a promissory note, the remedies for the collection thereof survive to the surviving payee, who is then entitled to receive payment of the note, and may sue upon the same at law or in equity, without joining the heirs or legal representatives of the deceased payee.

2. SAME. *Recovery by surviving payee. Bar thereby.*

A recovery by the surviving payee of a promissory note payable to two jointly

is a bar to any further action on such note, no matter who may be entitled to the money paid thereon after it has been received by the surviving payee.

3. SAME. *Payable to husband and wife. For land held by entireties. Rights of survivor.*

A promissory note given, prior to the Code of 1880, for land held by the husband and wife by entireties, and made payable to them jointly, becomes, upon the death of one of them, the property of the survivor, who has the right to appropriate the proceeds thereof, as against the heirs and legal representatives of the deceased payee.

APPEAL from the Chancery Court of Leake County.

Hon. T. B. GRAHAM, Chancellor.

In 1857, a certain tract of land was conveyed to George T. Allen and his wife, Eliza C. Allen, jointly, in consideration of a certain sum of money paid to the grantor by George T. Allen. In 1872, Allen and wife sold and conveyed the land to Napoleon Tate, who executed to them jointly his three promissory notes for the purchase-money. Some time thereafter Tate died, without having paid his notes. In 1874, George T. Allen also died. On the 17th of February, 1880, the notes still remaining unpaid, Eliza C. Allen filed the bill in this cause against the heirs of Tate, — there being no administration upon his estate, — to enforce the vendor's lien for the unpaid purchase-money due upon the notes given by Tate to her deceased husband and herself. The deed conveying the land to Tate specially reserved a lien to secure the payment of the notes. The defendants demurred to the bill, on the grounds (1) of want of equity; (2) because the children of George T. Allen, deceased, are not made parties; and (3) because the bill does not show that there has been no administration on Allen's estate, nor that all debts against him have been paid, nor that his estate is insolvent. The demurrer was sustained, and the complainant appealed.

*G. Q. Hall*, for the appellant.

Appellant, by virtue of her survivorship, is entitled to the entire estate in the lands and the purchase-money notes, to the exclusion of the heirs of her husband. In case of the joint ownership of property by husband and wife, they did not,

under the common-law rule, hold as joint tenants, nor as tenants in common, for they were but one person in law, and could not take by moieties. They were both seized of the entirety, and upon the death of either the survivor took the whole. 2 Kent's Comm. 132 ; 4 Kent's Comm. 362 ; 2 Bla. Comm. 182 ; Co. Lit. 187.

This court has held in at least two cases that the statute (Code 1871, sect. 2301) converting joint tenancies into tenancies in common does not affect the common-law rule as to the tenure of property by husband and wife ; that said rule is in full force in this State ; and that the survivor, upon the death of either, takes the entire estate. *McDuff* v. *Beauchamp*, 50 Miss. 531 ; *Hemingway* v. *Scales*, 42 Miss. 16. The rule is the same whether the property be real or personal. 3 Wait on Actions, 638, and cases there cited ; Code 1871, chap. 23, art. 5 ; *Taylor* v. *Stone*, 13 Smed. & M. 655.

No counsel for the appellees in this court.

CAMPBELL, J., delivered the opinion of the court.

The right of appellant to collect the money due by the notes is clear, whether she will be accountable for part of it to the representatives of her deceased husband and co-payee or not. On the death of one of several joint payees, the remedies for collection survive to the surviving payees, who may lawfully receive payment, and may sue at law or in equity without joining the representatives of the deceased payee. 1 Chitty's Pl. 19 ; 1 Washb. on Real Prop. [*424], top p. 576 ; 2 Jones on Mort., sect. 1435 ; *Lannay* v. *Wilson*, 30 Md. 536, and cases cited ; *Martin* v. *McReynolds*, 6 Mich. 70. Certainly the defendants cannot object to a recovery by the complainant, for that will bar all claim on them by reason of the notes, and they have nothing to do with the appropriation of the money. From the argument of counsel here, we are led to believe that the case was decided below as if the right of the appellant to maintain her suit depended on her right to all of the money

due by the notes, by, virtue of her survivorship of her husband, and the chancellor held that she was not so entitled, and therefore had not the right to collect. As stated above, she was entitled to collect as surviving payee ; and as surviving wife she was entitled to the notes and to their proceeds. She and her husband held the land by *entireties*, and sold it, and took notes for the purchase-money, payable to both. On the death of one the notes vested in the survivor. This was the well-settled rule, in the absence of statute, as to promises to husband and wife. 1 Dan. Neg. Inst. 198, sect. 255 ; 1 Chitty's Pl. 32 ; *Pender* v. *Dicken*, 27 Miss. 252 ; *Draper* v. *Jackson*, 16 Mass. 480 ; *Richardson* v. *Daggett*, 4 Vt. 336 ; *Borst* v. *Spelman*, 4 N. Y. 284 ; *Sanford* v. *Sanford*, 45 N. Y. 723 ; *Johnson* v. *Lusk*, 6 Coldw. 113 ; Bishop's Mar. Wom., sects. 103–107 ; Cord's Mar. Wom., sects. 999, 1031 ; 10 Johns. 49 ; Tyler on Inf. & Cov., sect. 254.

The foregoing authorities establish the rule that the surviving wife is entitled, as against the representatives of the husband, to a promissory note payable to husband and wife, where it is given for property or money of the husband alone. *A fortiori* would that rule apply where, as in this case, the note was given for land held by entireties, and made payable to the husband and wife. The presumption is irresistible that in selling the land and taking notes for the purchase-money, payable to themselves, they intended the notes to represent the land, and in case of the death of one of them, to survive to the other, as the land would have done in like case.

We say nothing as to the effect of our statutes upon the rule as to the right of the wife, as survivor, to a note payable to herself and her husband, except in the state of case presented by this record. But, as it was held that our legislation had not abolished estates by entireties, it seems to follow that the rule of survivorship should apply to notes taken upon the sale of such an estate, payable to the husband and wife.

This announcement does not conclude the representatives of the deceased husband, who are not parties to this suit, but

we make it in response to the argument of counsel, and in view of the ground of the decision by the chancellor.

The decree is reversed, the demurrer overruled, and the cause remanded, with leave to the defendant to answer the bill within thirty days after the mandate herein shall have been filed in the court below.