*In re* ALBRECHT'S ESTATE.

*(Surrogate's Court, New York County.   November 12, 1888.)*

ESTATES BY ENTIRETY—PERSONAL PROPERTY—SURVIVORSHIP.

In New York, where a bond and mortgage are executed to a husband and wife jointly, they become the property of the wife on the death of the husband, by right of survivorship.   The common-law rule is in force in respect to personal property as well as realty.

On exceptions by residuary legatees to a referee's report on final account of executors.

*Leonard A. Gregerich,* for executors.   *Henry Lippold, Jos. E. Newberger,* and *Guggenheimer & Untermeyer,* for objectors.

RANSOM, S.   But two questions arise:

1. The executors litigated a claim in dispute, in which an offer of compromise had been made, and the judgment recovered exceeded in amount the offer.   They are sought to be charged with the amount of such recovery in excess of the compromise offered, together with the expenses of the litigation. The referee has decided that the executors acted in good faith and with reasonable prudence, and his finding is sustained.

2. The most important question arises under the following facts:  A bond and mortgage had been executed by Louisa Uhl to the decedent and his wife.  The decedent died before his wife, and the point to be decided is whether or not the bond and mortgage became the property of the wife on the death of her husband by right of survivorship, or whether the estate of the husband was entitled to some portion thereof.  The objectors concede that in the case of real property, in case of a transfer of this kind, the right of survivorship would exist, but claim that a different rule prevails with respect to personal property.  The referee held that there was no difference and cites authorities to sustain his position.  The case of *Bertles* v. *Nunan*, 92 N. Y. 152, proceeded on the theory that the statutes enlarging the powers of married women with reference to property rights, being in derogation of the common law, must be strictly construed, and that these statutes did not abrogate the common-law rule that a conveyance to husband and wife created an estate by the entirety, with the right of survivorship as an incident of that quality of title.  The common-law rule as to the right of survivorship was based upon the unity of husband and wife, and a conveyance in the joint names of husband and wife was presumed to be a gift and advancement to the wife by the husband, unless evidence of a different intention was adduced. That the case of *Bertles* v. *Nunan*, *supra*, is an authority as to the continuance of the common-law rule with respect to personal property as well as real estate is apparent from the language of the court, who say: "The claim is made that the legislature referred to and destroyed the common-law unity of husband and wife, and made them substantially separate persons for all purposes.  We are of the opinion that the statutes have not gone so far." Again, the court say: "The statutes had in view the enjoyment of that which is hers, not the force and effect of the instrument by which an estate may be granted to her."  *In re Brooks*, 5 Dem. Sur. 326; *Orphan Asylum* v. *Strain*, 2 Bradf. Sur. 37; *Platt* v. *Grubb*, 1 N. Y. St. Rep. 494; *Sanford* v. *Sanford*, 45 N. Y. 723, 58 N. Y. 72.  The exceptions to the report of the referee are overruled, and the report confirmed.