JACOB FEIDT, Plaintiff, *v.* CLOTHILDA KIENER, Defendant.

Supreme Court, Erie County, April 5, 1933.

*Richard Wile,* for the plaintiff.

*Dean Hyland,* for the defendant.

CHARLES B. WHEELER, Official Referee. Jacob Feidt and Mary Feidt were husband and wife. They had on deposit in the Buffalo Savings Bank a joint account under the provisions of which on the death of either the account became the property of the survivor.

The defendant was a sister of Mrs. Feidt and during her sister's lifetime in a general way looked after many affairs of Mr. and Mrs. Feidt.

In December, 1929, the defendant borrowed from Mr. and Mrs. Feidt the sum of $500, for which they gave her a check on their joint account for that sum signed by both Mr. and Mrs. Feidt.

In April, 1931, Mrs. Feidt died. Certain funeral expenses were to be paid as well as other obligations and the defendant undertook to act for the plaintiff in settling up matters. On April 9, 1931, the plaintiff gave the defendant a blank check on the account in the Buffalo Savings Bank. She caused this check to be filled in with her name as payee for $2,000 and deposited the money drawn on it in her own account in the savings bank. Later, with a check signed by the plaintiff, she drew from said bank the further sum of $246.40, being the balance in said bank standing to the plaintiff's credit. It is to recover said moneys withdrawn by the defendant this action is brought. Certain counterclaims or offsets are claimed by the defendant.

The referee should here state that the pleadings in this action may not be in proper form so as to present all the questions raised, but it was stipulated by counsel on the trial that the referee might hear the case on the merits and the pleadings might be deemed amended to conform to the proof. This was accordingly done.

Certain questions of law arise in this action which must be considered and disposed of before the referee can make a final decision as to amounts.

One of these involves the Statute of Limitations touching certain offsets claimed by the defendant.

The evidence is that for some ten years the defendant was accustomed to visit Mr. and Mrs. Feidt at their farm in the country. On some or many of such visits she took to them household provisions consisting of groceries and meats. She appears to have charged such things in a book kept by her, although so far as appears there was no promise on the part of the plaintiff to pay for them. On many occasions the defendant got potatoes, eggs and other things from the farm and took them home with her. The plaintiff, however, never charged the defendant with what she obtained and makes no charge against her now for any such things. They were undoubtedly given the defendant gratuitously without any expectation or agreement to pay.

The defendant seeks in this action to offset against the plaintiff's claim for money had and received the alleged cost of the provisions furnished by her for some ten or more years past. The plaintiff expresses a willingness to allow any fair and legitimate charges for such provisions, provided the claim is limited to the period of six years, but objects to any claim for a longer time and pleads the Statute of Limitations as against any such earlier charges. Defendant's counsel, however, urges the plea of a mutual running account as between the parties as justifying a recovery in defendant's favor for the entire account.

If there was in fact such a mutual running account then the defendant would be justified in offsetting the entire account under the provisions of section 56 of the Civil Practice Act. However, the referee is of the opinion and cannot see that there was any " mutual open and current account " between the parties. We are of the opinion that the cases of *Adams* v. *Olin* (140 N. Y. 150) and of *Sanger & Jordan* v. *Duncan* (196 App. Div. 55) sustain the views taken by the referee, and the defendant's offsets must be confined to any legitimate charges for supplies furnished within six years.

Another question of law presented is whether the plaintiff is entitled to recover on the claim for $500 advanced the defendant without joining the representative of his wife's estate in the action.

Mr. Feidt, the plaintiff, and his wife had a joint account in the Buffalo Savings Bank by the terms of which on the death of either the survivor became the sole owner of the account.

While both were living the defendant asked Feidt and his wife for the loan of $500. They agreed to let her have the money and drew a check on their account in the savings bank in favor of the defendant for the $500. The check in question was signed by both Mr. and Mrs. Feidt.

So far as appears, nothing further was said as to whom the money should be paid in the event of the death of either Mr. or Mrs. Feidt, but Mrs. Feidt died, and the husband brings action to recover this $500 as well as other sums of money.

The question presented is whether one-half the $500 so advanced to the defendant is the property of the estate of Mrs. Feidt, or whether Mr. Feidt as survivor acquired and owns the cause of action for the money so loaned. Did there continue as to the claim in question the incidents of joint ownership and survivorship, or did the transaction recited change the rights of the parties in the money loaned, and terminate that relation, so that the cause of action should be treated as belonging to Mr. Feidt and Mrs. Feidt as owners in common, each being entitled to one-half.

As the Civil Practice Act requires actions shall be brought in

the name of the real party in interest, the omission to join the legal representative of Mrs. Feidt's estate would prevent a recovery by Mr. Feidt alone, if Mrs. Feidt's estate is a necessary party. If on the other hand Mr. Feidt takes as survivor then this action is well brought on that claim. There may be joint ownership in personal property with all the incidents of survivorship. Such was the account in the savings bank.

When this fund was taken and loaned in part to the defendant and no other or different agreement was made between Mr. and Mrs. Feidt as to the nature of the title, the fair presumption would seem to be that their respective rights in the money loaned should remain unchanged and unmodified. No note appears to have been taken at the time from the borrower. If, however, a note or other evidence of indebtedness had been given it is fair to assume it would have run to both Mr. and Mrs. Feidt jointly. In that event, Mr. Feidt would have become the sole owner of the security. (*Sanford* v. *Sanford*, 45 N. Y. 723, cited with approval in *Angsbury* v. *Shurtliff*, 180 id. 147; *Wilcox* v. *Murtha*, 41 App. Div. 408; *Matter of Kauffer*, 141 id. 54.)

The transaction was simply the loan of funds owned jointly to a borrower. The change was only in the form of the investment, not in the nature or character of the ownership.

We, therefore, reach the conclusion that it was the intention of the parties to continue the character of joint ownership and that the survivor is entitled to be paid the money owing as survivor.

Having reached the conclusion stated on certain questions presented, it remains for the referee to indicate what items of offset are to be disallowed.

In the compass of this opinion it will be impossible to more than designate the offsets claimed and disallowed.

The item of April 20, 1931, for ten dollars for services rendered by farmers at the time of Mrs. Feidt's funeral is disallowed.

The item of four dollars in June, 1931, is reduced to two dollars. The item of twenty-five dollars charged for a suit given Mr. Neumeister is disallowed. The item of one hundred and fifty dollars for alleged services in settling accounts after Mrs. Feidt's death is allowed, although it is doubtful whether this item is a legitimate charge. The defendant did render certain services and the referee gives her the benefit of same.

The item of five dollars for gasoline paid Albin in 1932 for gasoline is disallowed.

The referee disallows an item of fifty dollars claimed to have been mailed to the plaintiff's wife.

Any evidence to establish this item depends on the testimony

of the defendant rendered incompetent under section 347 of the Civil Practice Act.

For same reasons the item of ten dollars alleged to have been paid Mrs. Riester. Also other items of ten dollars in August, 1928, and five hundred dollars paid Mrs. Riester in 1930.

We hold items for alleged masses, one in June, 1928, for five dollars, and one in September, 1928, for ten dollars, and another in May, 1929, must be disallowed under section 347 of the Civil Practice Act.

We disallow the charge of twelve dollars paid John Schmitt for alleged auto services. Also a charge of twenty dollars for advance to plaintiff's wife in March, 1931.

The remaining items in defendant's account are allowed as offsets to the plaintiff's claim.

Findings may be prepared as outlined in this memorandum.

So ordered.