LAURA K. WEBER, Appellant, *against* LEWIS WEBER, Respondent.

(Decided April 5th, 1880.)

The defendant, the plaintiff's father, deposited in a savings bank a sum of money upon an account then opened by the bank in the name of the defendant "in trust for" the plaintiff. He made the deposit in this form for the purpose of obtaining the highest rate of interest which the bank allowed, and not intending to part with the ownership or right of receiving back the money from the bank, nor to make a gift or transfer of it, or any part of it, to the plaintiff; and upon an agreement with the bank that the money, or any part of it, should not be withdrawn from the bank without the production of the bank-book, which he retained in his own possession. He afterwards withdrew a part of the sum deposited. *Held*, that the circumstances under which such a deposit is made are admissible to vary or explain its apparent character as a trust; that there was no intent on the part of the defendant to create any trust in this fund for the plaintiff, and that he created none.

APPEAL from a judgment of the general-term of the marine court of the city of New York, affirming a judgment of that court entered on findings of the judge upon trial without a jury.

The action was brought to recover from a savings bank money deposited in the bank by the father of the plaintiff. By an order of interpleader, the plaintiff's father, who also made claim to the money, was substituted as defendant instead of the bank. A trial by jury having been waived by consent, the cause was tried before a justice of the marine court, who found for the defendant, and judgment for the defendant was entered on his findings. From the judgment the plaintiff appealed to the general term of that court, which affirmed the judgment; and from the judgment of affirmance the plaintiff appealed to this court.

*Geo. S. Wilkes*, for appellant.

*Peter Cook*, for respondent.

CHARLES P. DALY, Chief Justice.—The findings of fact of the justice are not questioned by the appellant; the only question raised by him, upon the facts as found, being a question of law.

It appears, by the findings, that the defendant is the father of the plaintiff; that he deposited with the Bank of Savings in this city, the sum of $325, and opened an account with the bank, the record of which, in his bank-book, is as follows: "Dr. The Bank for Savings, in the city of New York, in account with Lewis Weber, in trust for daughter, Laura K." That he made this deposit in this form, in order to receive the highest rate of interest which the Bank for Savings allowed, and had no intention of parting with the ownership of the money or the right of receiving it back from the bank, nor any intention to make a gift or transfer of it, or of any part of it, to the plaintiff, his daughter, Laura K. That to protect himself against any claim on the part of the plaintiff, he entered into an agreement and condition with the bank, that the money, nor any part of it, should be drawn without the production of the bank-book, which he retained in his own possession; and that, since he made the deposit, he drew from the bank a part of the sum deposited, so that, at the commencement of this action, there remained but a balance of $273.56.

The judge below decided upon this state of facts that the defendant did not intend, and did not, in fact or in law, make or create any trust in favor of his daughter, Laura K., in the money so deposited; and his decision was affirmed by the general term of the marine court. The judge who tried the cause, Judge SHERIDAN, has set forth the reasons which justify, in my opinion, the conclusion at which he arrived. Judge VAN VORST, at the special term, in the supreme court, in a similar action, brought by another daughter, to recover another deposit, made in the savings bank by the defendant, in like form, as in trust for her, and under exactly the like circumstances, held, in a very satisfactory opinion, that no trust was created thereby in the daughter; and in an application made to me, at the special term, to remove the defendant as trustee, that the alleged *cestui que trust* might, by that means, reach the money

Weber *v.* Weber.

deposited, which was denied, I expressed so fully my views of the transaction, so far as regards its effect to create a trust in any of the children, that it is unnecessary now that I should repeat what was then said, to show that no trust was created.

The motive for placing the moneys deposited, in sums under $500, in the names of the defendant's children, was, as he testified, to get a larger amount of interest, as it is well known, in this city, that many of the savings banks allow or have heretofore allowed a larger rate of interest on sums under $500, than for an amount beyond that, which is done, in consonance with the benevolent object of such institutions, as an inducement to lead persons of small means into the habit of saving, by giving them, upon the small sums they deposit, a greater rate of interest than is given to those who have larger amounts to deposit.

It was left an open question in the case of *Martin* v. *Funk* (75 N. Y. 134), whether surrounding circumstances may not be shown to vary or explain the apparent character of such a deposit, and the intent with which it was made. I entertain no doubt in my mind, that this can be done in any case of such a deposit; and, in my opinion, the circumstances of this case clearly established that there was no intent upon the part of the defendant to create any trust in this fund for the plaintiff, and that he created none.

The judgment should be affirmed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed.