Israel *v.* Bowery Savings Bank.

---

SAMUEL ISRAEL, Respondent, *against* THE BOWERY SAVINGS BANK, Appellant.

(Decided February 7th, 1881.)

The rules of a savings bank printed in the deposit-book given to the depositor, provided in substance that no person should have the right to demand any part of his principal or interest without producing the original book, and that all payments made to persons producing the deposit-book should be deemed good and valid payments to depositors respectively. *Held*, that while these regulations, properly made known to the depositor, formed part of the contract between him and the bank, they did not absolve the bank officers from the exercise of ordinary care in making payment upon the faith of the depositor's book ; but that, upon trial of an action by the depositor against the bank involving the validity of such payments, it was for the plaintiff to give proof of facts tending to show a failure to exercise reasonable care and prudence in disbursing the money.

APPEAL from a judgment of the general term of the marine court of the city of New York, affirming a judgment of that court entered on the verdict of a jury.

The action was bought to recover the balance of a deposit made by the plaintiff in the defendant bank, amounting to $165. The original deposit of $170 was made July 16, 1878, when the plaintiff received a bank-book, and left his signature. Among the rules and regulations printed in this book, was the following : "Drafts may be made personally, or by the order in writing of the depositor (if the bank have the signature of the party on their signature-book), or by letters of attorney duly authenticated ; but no person shall have the right to demand any part of his principal or interest without producing the original book, that the payments may be entered therein ; nor shall any person have such right without previous notice to the bank of his intention to make such demand, of thirty days for any amount not exceeding $300, and sixty days for any amount exceeding that sum. All payments made to persons producing the deposit-book shall be deemed good and valid payments to depositors respectively. All deposits received shall be in money taken on deposit by the incorporated banks of the city of New York, at par ; and all payments shall be made in the same manner." In October, 1878, the plaintiff applied to the bank for a payment of $25, which was refused ; the president stating to him, the next day, that payments had previously been made to some person, who presented the plaintiff's book. The plaintiff did not deny this fact, and, on December 10, following, published in a public journal a communication addressed to the editor, stating that a party got possession of his bank-book and drew the deposit, but that the signature was not the same as his own. It is to be inferred from a somewhat imperfect record, that the money was drawn, not only by presentation of the book, but also receipts were signed, the signatures to which are above referred to. At the close of the plaintiff's case, the defendant's counsel moved for the dismissal of the complaint, upon the ground that plaintiff had not established a cause of action. This was denied, and an exception taken. Upon submission to the jury, a verdict was found for the plaintiff, and the judgment entered thereon was affirmed by the general term of the marine court, from which this appeal is taken.

*Carlisle Norwood, Jr.*, for appellant.

*Julius E. Lyons* and *Osborne E. Bright*, for respondent.

BEACH, J. — [After stating the facts as above.] — The motion to dismiss the complaint should have been granted. It must be deemed established by the proofs, that the disputed payments were made to a person who had possession of the plaintiff's bank-book. The rules printed in the book are, when properly made known to the depositor, a part of the contract between him and the institution. One of these, numbered ten, in substance provides that "no person shall have the right to demand any part of his principal or interest without producing the original book, that the payments may be entered therein," and further, that "all payments made to persons producing the deposit-book, shall be deemed good and valid payments to depositors respectively." These regulations do not absolve the bank officials from the exercise of ordinary care, when making payment upon the faith of the depositor's book. Under this principle, however, it is needful for the plaintiff, upon a trial involving the validity of such payments, to give proof of facts tending to show a failure to exercise reasonable care and prudence in disbursing the money. If, for instance, the signature of the receiving person should present a marked and noticeable dissimilarity to that of the depositor upon the bank's book, the failure to discover it would evidence negligence to be passed upon by a jury. In the case at bar, the record contains no proof of any such facts, and none upon which negligence by the bank officials could possibly be predicated (*Shoenwald* v. *Met. Savings Bank*, 57 N. Y. 418; *Appleby* v. *Erie County Savings Bank*, 62 N. Y. 12). There was no question, therefore, for submission to the jury, and the motion to dismiss should have been granted.

The judgment must be reversed, and a new trial granted, costs to abide the event.

CHARLES P. DALY, Ch. J., and VAN BRUNT, J., concurred.

Judgment reversed and new trial granted, with costs to abide event.