Westbrook, J.
[After stating facts as above.]—The papers in the case are very voluminous, and I content myself with stating conclusions, as the referee has written an exhaustive opinion'upon both the facts and the law of the case.
First. The order of reference directed the referee, to hear and determine the issues of the action, but the order contemplates a confirmation of.the report, and an order by the court for final judgment. Upon the question of costs and allowances his report was a recommendation only.
Second. The conclusions of the referee upon the al *161 leged trust in behalf of foreign policy-holders are confirmed for the reasons stated in the opinion of the referee, which opinion accompanies the report.
Third. The character of this action is substantially equitable. It was brought, it is true, to recover for securities placed in the hands of the defendants, but preliminary to its determination there were many complicated questions of law and fact to be determined. These questions concerned individuals who made claims upon the property, and such questions had to be decided by using this action as a means to bring such claimants before the court. It was really a proceeding to determine, as between the plaintiff, and sundry policy-holders, who might present and file claims, and who were unknown until the claims were made, their right to the fund. The defendants really had no interest in the action except to see the fund paid over to the party or parties entitled thereto. It was not an action, therefore, in which the plaintiff was entitled to costs as of course, and the referee properly exercised his discretion in directing the costs of the plaintiff to be paid out of the funds. No point was made by either party; that the allowance of the referee was unreasonable, and this part of his recommendation is confirmed.
Fourth. The decision of the referee as to the payments made by the defendants, to their counsel, is, though with some hesitation, confirmed. The confirmation is upon the ground stated by the referee in his opinion, that the defendants, as depositaries of the fund In question, are entitled to be indemnified for all the expenses incurred by them in the protection and distribution of the fund;” and also upon the further ground, that as the circumstances attending the deposit of the securities with the defendants, rendered a hearing of all parties necessary, prior to a distribution of the avails thereof through the receiver, and the court, by consent of parties, availed itself of this action for the *162 purpose of making suck inquiries, and thus subjected the defendants to the costs and expenses thereof, it is just and equitable that they should be indemnified against such expenditure.
“It was proper,” the referee also states, “to employ counsel as well with respect to the various and difficult questions of fact and law arising in connection with their trust, as with respect to their accounting and the proceedings necessary for that purpose. No effort was made to show that the amounts paid by the defendants to their counsel were more than the services were worth, and considering the amounts involved, the difficulties of the questions discussed, the nature and extent of the services the counsel have rendered, and the industry and thoroughness exhibited in their preparation and presentation of the case, I think their employment was necessary, and that the sums paid them are not more than should be allowed to the defendants.”
The referee who has given the foregoing opinion, is an excellent lawyer, chosen by the parties. His opportunities to form an estimate of the value and need of the services of counsel are superior to those of the court, and his report in this particular is therefore also confirmed.
■ Fifth. It is not seen, however, upon what ground the allowances made to counsel for claimants upon the fund can be sustained. They have established no right to any part of the securities in the hands of the defendants, nor any lien thereupon, and the recommendations of the referee in this particular must be overruled.
It is due to the referee, however, to state that in his opinion he concedes there is no legal ground upon which this recommendation can be upheld, and that he only makes it “in order that the question may be presented to the court upon the confirmation of the report.”
Sixth. The plaintiff is entitled to judgment in conformity with the views herein expressed, which will be settled on notice.