# City Court.

### *Trial Term—December*, 1884.

## SARAH RODE *against* BENJAMIN S. DE YOUNG.

Where the mother of six children directed the defendant to deposit in bank to their credit an amount of money, and the defendant executed the direction by depositing the money in bank in his name in trust for the children,—*Held,* that a valid and irrevocable trust was thereby created.

Trial by the court without a jury.

*S. G. Barnard* and *M. L. Marks*, for plaintiff.

*L. Cohen* and *A. C. Anderson*, for defendant.

McADAM, Ch. J.—The conceded facts establish a valid trust in favor of the plaintiff's children. The plaintiff requested the defendant to deposit in the Savings Bank, for the benefit of her six children, certain moneys then in

his hands, amounting to $625 : to the five younger children $100 each, and to the eldest $125; and in order to carry out her purpose she directed the defendant to make such deposit, and pay it to the children when they severally should attain the age of twenty-one years. In compliance with this request the defendant deposited the money in the Bowery Savings Bank, in six different deposits, which were credited to accounts opened by him in his name as trustee for the children, designating their names. Subsequently the $125 and interest were paid to the eldest son by the plaintiff's consent.

The question presented is whether the notice subsequently given by the plaintiff operated as a revocation of the trust created as aforesaid, so as to entitle the plaintiff to a return of the balance of the money. The legal effect of a parol trust is the same as one created by a more formal assurance. Thus a trust once created by parol cannot subsequently be extinguished or in any manner changed by the party creating it (*Tiffany & B. on Trustees*, 15, 16, citing Kilpain *v.* Kilpain, 1 *M. & K.* 531, 539; Kilpatrick *v.* McDonald, 11 *Penn.* 387; and see *Hill on Trustees*, 60). The defendant, having accepted the trust and undertaken the office, cannot, by his own act or upon plaintiff's demand, discharge himself from subsequent liability to the beneficiaries (*Tiffany & B. on Trustees*, 53).

The case of Weber *v.* Weber (9 *Daly*, 211), presents a different phase of the question involved. In that case the father deposited a sum in a savings bank "in trust" for his daughter, but retained possession of the bankbook. There was no delivery of the book to the beneficiary, constructively or otherwise, and it appeared that the father opened the account in that form in order to receive the highest rate of interest which the bank allowed, and that he had no intention of parting with his ownership of the money or the right of receiving it back from the bank, and further, that he had no intention of making a gift of the money to his daughter.

Rode *v.* De Young.

In the present instance, the defendant, by the plaintiff's direction, was made trustee for the children, and, from the the time he undertook the office and deposited the money, he became chargeable with the duty and liability of a trustee. When the deposit was made the money ceased to belong to the plaintiff, and became the property of the children, as much so as if the plaintiff had told the defendant to hand over the money to them, and he had immediately done so by such direction. It is not, as the plaintiff seems to suppose, a case of agency ; it is more, it is an executed trust. A declaration of an intention to give is not a gift. The donor must do some act indicating an intention to part with all present and future dominion over the subject matter. The deposit was to be made by the trustee for the benefit of the children. Such deposit put the funds beyond recall or control by the plaintiff. When made, the relation of debtor and creditor was created between the defendant, as trustee, on the one hand, and the bank upon the other, so that the fund was by the direction of the plaintiff placed out of her control into that of the defendant or his successor, in case one should by the act of the law take his place. The trustee has ever since held the bank-books in trust for the beneficiaries. The act constituting the transfer was therefore consummated, and was not left incomplete or resting in mere intention, and the new confidential relation was completely established, whether the infants had notice of the trust or not (Martin *v.* Funk, 75 *N. Y.* 134).

It follows, therefore, that there must be judgment for the defendant.