Van Vorst, J.
—This case and the three others are disposed of by Martin v. Funk (75 N. Y. 134). By the deposit of the money in the savings bank, the title to the money was changed from the depositor individually to himself as trustee for his daughter. The facts show the intention on the part of the depositor to create the trust. His will, thereafter made, could not affect or dispose of this property.
The retention of the pass-books by the testator is not inconsistent with the trust. _ He would be presumed to hold them as trustee, and to hold the same for the purposes of the trust.
It appears that the testator had no other moneys beyond those he had placed in trust for the plaintiff, his daughter. The gifts by his will could not defeat the disposition made by the testator through the deposit of the money. There is no contemporaneous fact or act which shows that the depositor of the moneys intended any other result than that which the law declares as a consequence of the deposit, which is, that the daughter, for whose benefit it was made, is entitled to the money, and the possession of the passbook to secure it.
But the case is one, under all the circumstances, where the costs of all the parties should be paid out of the fund.*
Note.—The decision in the text is supported also by Willis v. Smyth (91 N. Y. 297; affi’g 13 Weekly Dig. 493); where the deposit of money in a savings bank in trust for another was held to create an irrevocable trust in the deposit in favor of the beneficiary, although the depositor retained the book until her -death, and although it appeared that the depositor at one time offered to loan the amount to a third person. _
*85 It seems, that the character of .such a transaction, as creating a trust, is not conclusively established by the mere fact of the deposit, so as to preclude evidence of contemporaneous facts and circumstances, constituting res gesta, to show that the real motive of the depositor was not to create a trust, but to accomplish some independent and different purpose inconsistent with an intention to divest himself of the beneficial ownership of the fund. Mabie v. Bailey, 95 N. Y. 206.
But the subsequent withdrawal of the deposit by the depositor is not legitimate evidence that he did not intend to create a beneficiary trust, lb.
Deposit of moneys in a savings bank in the name of the accounting executor, adding “in trust for J. B.,” held, to create a trust for the benefit of the latter which devolved upon the depositor’s executrix. Terry v. Ball, 1 Dem. 452.
On the other hand, where defendant deposited a sum of money in a savings bank “ in trust for ” the plaintiff, his daughter, making it in this form in order to receive a higher rate of interest, and with no intention of parting with the ownership or right to receive it back from the bank, or of giving any portion of it to the plaintiff; and to protect himself from any claim by her, it was agreed between her and the bank, that no part of it should be withdrawn without the production of the bank-book, which he retained in his own possession, it was held, that the defendant did not intend to nor did he create any trust in plaintiff’s favor.- Weber v. Weber, 9 Daly, 211.
It seems, that no trust is created by a transaction wherein the dominion and absolute disposition of the property, discharged of the trust, was reserved to the creator of the supposed trust. Pierson v. Drexel, 11 Abb. N. C. 150.
And the supreme court of Massachusetts, (October, 1885,) held in Scott v. Ford, 2 Northeastern Rep. 925, that to constitute a gift of money deposited in a savings bank in the name of the party claiming it as a gift, it must have been put in the name of the alleged donee with the intention on the part of the donor of making a gift of it, and it must have been accepted by the donee; and that, where a deposit is made in a savings bank without the knowledge of the alleged donee, and the deposit-book is retained by the donor, if the evidence shows that the donor intended that the deposit should belong to the donee, and received and held the book for him until acceptance by him, it shows a completed gift, even though it might have been revoked before acceptance.
A letter written by the bank to the donor concerning the deposits, and her declarations relating to it, are competent evidence upon the *86 question of the intention in making the deposit, and the length of time between the declarations and the deposit affects the weight of such evidence only, and not its competency. Ib.
The rules of a savings bank printed in. the deposit-book are, when properly made known to the depositor, a part of the contract between him and the bank, and if the rules provide that payment to a person producing the deposit-book shall be deemed a good and valid payment to the depositor, the latter cannot recover of the bank the deposit which it has paid to a person who had wrongfully obtained possession of the book, without showing a failure of the bank officers to exercise reasonable care and prudence in paying out the money. Israel v. Bowery Savings Bank, 9 Daly, 507.
In Smith v. Brooklyn Savings Bank (N. Y.), 4 Northeastern Rep. 123, the court of appeals held that a savings bank does not justify paying a depositor’s money to a stranger, by showing that the latter had the possession of the pass-book, even though a by-law of the bank, printed in the pass-book, provided as follows: “All payments made by the bank upon the presentation of the pass-book and duly entered therein, will be regarded as binding upon the depositor. Money may also be drawn upon the written order of the depositor or his attorney, when accompanied by the pass-book.” The court distinguish Schoenwald v. Metropolitan Savings Bank, 57 N. Y. 418, as a case where the language of the by-law plainly implied and provided for payments made to other persons than the depositor, and gave a signification to the word “ payments,” which included strangers having possession of the pass-book; while the language of the by-law in this case contemplated payment either to the depositor or to a third person having possession of the pass-book and producing the deposit- or’s written order.
In Smith v. Brooklyn Savings Bank (above), the court applied to the by-law of a corporation the rule that it is the duty of a court to give effect to all of the provisions and language used in framing a law, if it is susceptible of such a construction, and they are precluded from giving it such an effect as will render any of its clauses inoperative or ineffectual.
In Whitlock v. Bowery Savings Bank (N. Y. Daily Reg., Nov. 22, 1883), where a bank account was kept in a wife’s maiden name and afterwards changed to her name as a married woman, and still later to the name of herself and husband, “ either to draw,” it was held, that upon his death she became, except as against his creditors, entitled to draw the whole account, it appearing that though the moneys deposited after the change of the account from her maiden name consisted of his earnings, yet he intended that, except for the payment *87 of his debts, the whole should go to his wife, if she survived him; and, hence, an action by his administratrix to recover from the bank the amount paid to the wife could not be maintained, except to the extent of the claim of a creditor of the husband, of which claim the bank had notice before payment to the wife.
See also note on p. 21, of this vol.

 No appeal was taken.