BARKER v. HARBECK et al.

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

1. GIFTS—INTER VIVOS—DEPOSITS IN SAVINGS BANK.
   A deposit of money in a bank "for Henrietta Barker" is either a deposit of money belonging to her, or a completed gift to her, and the depositor on drawing out the money holds it as her trustee.[1]

2. SAME—IDENTITY OF DONEE.
   The only member of depositor's family, who was named Barker, was her sister Harriet, and there was no other named Harriet, Henrietta, or Harrietta. It was shown that the depositor had declared that Mrs. Barker's name was Harrietta. *Held* to justify a finding that the deposit was intended for Mrs. Barker.

Appeal from circuit court, Kings county; EDGAR M. CULLEN, Justice.

Action by Daniel Barker, as administrator of Harriet Barker, deceased, against John H. Harbeck, Henry Harbeck, and Thomas D. Robinson, executors of Elvira Harbeck, deceased. The defendants appeal from a judgment for plaintiff, and from the order denying motion for new trial.

Argued before BARNARD P. J. and PRATT, J.

*Wing, Shoudy & Putnam,* (*Joseph A. Shoudy,* of counsel,) for appellants. *Fisher & Voltz,* for respondent.

BARNARD, P. J. In 1859, Elvira Harbeck deposited with the Bowery Savings Bank $350 "for Henrietta Barker." The law in respect to such deposits is now very well settled. Mrs. Harbeck either deposited Henrietta Barker's money, or constituted herself a trustee of the fund by a completed gift of the money deposited. *Martin* v. *Funk,* 75 N. Y. 134; *Mabie* v. *Bailey,* 95 N.

---

[1] A deposit of money in a bank in the name of another, subject to the right of the depositor to take the income during his life, to which arrangement the donee assents, constitutes a valid gift *inter vivos,* if the donor intended it as a present gift, though he retains the bank-book, Smith v. Bank, (N. H.) 9 Atl. Rep. 792; and evidence of declarations made by the donor, shortly before his death, to the donee, to the effect that the money was in the bank, and belonged to the donee, justifies a finding in favor of the latter. Alger v. Bank, (Mass.) 15 N. E. Rep. 916. To constitute a gift of money deposited in a savings bank it must have been deposited in the name of the donee, with the intention on the donor's part of making a gift of it, and it must have been accepted by the donee, Scott v. Ford, (Mass.) 2 N. E. Rep. 925; Walker v. Welsh, (Mass.) 11 N. E. Rep. 727; and when a deposit is made by a husband in his wife's name, and the husband retains control over it until time of his death, there is no gift, Schick v. Grote, (N. J.) 7 Atl. Rep. 852.

In general, as to the requirements of a valid gift *inter vivos,* see Bennett v. Cook, (S. C.) 6 S. E. Rep. 28, and note.

Y. 206; *Young* v. *Young*, 80 N. Y. 432. It is proven that after the deposit remained some years Mrs. Harbeck, the trustee, drew it out, and applied it to her own use. If the gift was complete when the trustee drew out the money, she held it as trustee. *Mabie* v. *Bailey, supra.*

The remaining question is one of fact upon the question of the identity of the plaintiff's intestate. The deposit was made for Henrietta Barker, as has been stated. Mrs. Barker was a sister of Mrs. Harbeck, and her name was Harriet. There was no other member of Mrs. Harbeck's family who was named Barker, and there was none who were named either Harriet, Henrietta, or Harrietta. The evidence established that the deceased, Mrs. Harbeck, declared that Mrs. Barker's name was Harrietta. The deposit is for Henrietta. The jury have found in favor of the plaintiff's intestate, and it is difficult to arrive at any other conclusion. The donor or trustee meant some one, and Mrs. Barker can be selected as the proper donee, although there was a difference as to the fact whether Harriet, Harrietta, or Henrietta. The real donee is quite plainly proven. The verdict of the jury, therefore, rests upon sufficient evidence, and the judgment should be affirmed, with costs.

PRATT, J., concurs.