Charles H. Hyde, as Administrator, etc., of John H. Hyde, Deceased, Respondent, v. George H. Kitchen and Another, as Executors, etc., of Maria Van Vleck, Deceased, Appellants.

*Savings bank account in trust for another — the trust not affected by subsequent acts or declarations of the depositor.*

The inference of the creation and declaration of an irrevocable trust arising (in the absence of any evidence of contemporaneous facts or circumstances indicating a contrary intent) from the deposit of money and the opening of an account in a savings bank by the depositor "for" another, accompanied by the issu-

ance of a bank book to the depositor "in trust" for such other person, cannot be refuted by evidence of subsequent acts or declarations of the depositor, not connected with the deposit so as to constitute *res gestæ.*

APPEAL by the defendants, George H. Kitchen and David T. Corde, as executors of Maria Van Vleck, deceased, from a judgment of the Supreme Court in favor of the plaintiff, rendered upon a trial by the court at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 11th day of April, 1893.

The action was brought for the purpose of recovering moneys deposited in the Manhattan Savings Institution in New York city, by Maria Van Vleck, since deceased, in trust for John H. Hyde.

*Joseph Fettretch,* for the appellants.

*Ladislas Karge,* for the respondent.

BARRETT, J.:

The learned judge at Special Term found as a fact that in February, 1881, Maria Van Vleck deposited $170 in the Manhattan Savings Institution, in trust for the plaintiff's intestate, John H. Hyde, who was her brother. This finding was based upon the undisputed testimony that at the time of the deposit, a bank book was issued and delivered to Mrs. Van Vleck, at her request, with the words " Maria Van Vleck, in trust for John H. Hyde," written upon the cover, and the words, " Maria Van Vleck, for John H. Hyde," written within the cover. It also appeared that the ledger account, which was then opened and kept by the bank, was in the name of " Maria Van Vleck, for John H. Hyde." Other sums were deposited by Mrs. Van Vleck, and interest was credited to this account, from time to time, down to January, 1892. And during all that time the account continued in its original form. Mrs. Van Vleck, however, retained the bank book in her possession down to the time of her death, and the defendants, her executors, have had it since.

Upon this state of facts, the learned judge found, as a conclusion of law, that there was an irrevocable trust in favor of John H. Hyde, and that the plaintiff, as his administrator, was entitled to the moneys in question.

We think this conclusion was correct, and we, need add but little to the satisfactory reasons which the learned judge has given therefor.

The appellants concede that if the well-known case of *Martin* v. *Funk* (75 N. Y. 134) stood alone, they would not dispute the doctrine upon which this conclusion was arrived at. But they claim that later cases modify this doctrine, and hold that an intent, contrary to that evinced by the surroundings of the original transaction, may be established by later acts and declarations of the depositor, not in any way connected with the deposit.

*Mabie* v. *Bailey* (95 N. Y. 206) and *Beaver* v. *Beaver* (117 id. 421 ; second appeal, 50 N. Y. St. Repr. 69) are cited as examples of the latter view. We have examined these cases carefully, but we find nothing in them to support the appellant's contention. In *Mabie* v. *Bailey*, Judge ANDREWS said : " The case of *Martin* v. *Funk* (75 N. Y. 134) decided that a deposit made in the form of the deposit in this case constituted a trust and, unexplained, operated to transfer the beneficial interest in the deposit to the beneficiary named, subject to the conditions of the trust, to be implied from the circumstances."

It is true that the learned judge suggested that the character of such a transaction was not conclusively established by the mere fact of the deposit " so as to preclude evidence of *contemporaneous facts and circumstances constituting res gestæ* to show that the real motive of the depositor was not to create a trust." He nowhere intimated, however, that subsequent acts and declarations, not constituting *res gestæ*, could be resorted to, to show the depositor's original intent. On the contrary, he held that the subsequent withdrawal of the deposits by the depositor was not legitimate evidence that he did not intend, when the deposits were made, to create a beneficial trust for the beneficiary named. " It might," he added, " be competent evidence of a change of purpose, but it throws no light on the original transaction."

In *Beaver* v. *Beaver* there was no declaration of trust, and the case turned upon the validity of an alleged gift. No doubt is there expressed as to the correctness of the rule laid down in *Martin* v. *Funk*. On the contrary, that case was referred to with entire acquiescence in its trust doctrine. It was said that a declaration of trust could not be implied from a mere deposit by one person in the

name of another. But it was conceded that such declaration could be implied from a deposit by one person in trust for another. And there was not a suggestion that such a trust was revocable, or that subsequent acts and declarations of the depositor, constituting no part of the *res gestœ*, were admissible for the purpose of showing a contrary intent to that evinced by the original transaction and its surroundings

In the present case there was no attempt to vary the effect of the original transaction by contemporaneous facts or circumstances. The original transaction certainly constituted, under the rule so laid down in *Martin* v. *Funk* and *Mabie* v. *Bailey*, an unequivocal declaration of trust. . Such was the inference — *prima facie*, at least — from the deposit in the form proved and found. (Cases already cited; and see also *Smith* v. *Lee*, 2 T. & C. 591; *Weaver* v. *Emigrant & Savings Bank*, 17 Abb. N. C. 82; *Barker* v. *Harbeck*, 2 N. Y. Supp. 425.)

In the absence of any evidence of contemporaneous facts or circumstances indicating a contrary intent, that inference must hold. What the depositor may have subsequently said and done — words and acts not constituting *res gestœ* — cannot affect the original transaction. They may show a change of purpose, but not of original intent.

The evidence which was here admitted comes within this principle, and that which was rejected was inadmissible upon the same principle.

It follows that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.