(Supreme Court, Appellate Division, Third Department.   July 7, 1896.)

1. JOINT TENANCY—SURVIVORSHIP.
    A deposit of money in bank to the credit of "A. or J., her husband, or the survivor of them," creates a joint ownership of the deposit.

2. GIFTS—DEPOSIT IN BANK.
    A deposit of money in bank to the credit of the depositor or his wife, "or the survivor of them," operates as a gift to the wife, though she never had possession of the pass-book.

Controversy between John E. McElroy and Alice Bell, executors of the will of James C. Bell, deceased, as plaintiffs, against the Albany Savings Bank and Montgomery H. Rochester, administrator of Alida P. Bell, deceased, as defendants.   Judgment for defendant Rochester.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

I. & J. M. Lawson (Isaac Lawson, of counsel), for plaintiffs.
James Fenimore Cooper, for defendant Albany Sav. Bank.
Albert Rathbone, for defendant M. H. Rochester.

PUTNAM, J.  James C. Bell, deceased, made the following deposits in the Albany Savings Bank: April 3, 1891, $2,000; June 21, 1891, $500; February 1, 1892, $500.  The entry in the pass book which he received from the bank, relating to said deposits, was as follows: "Albany Savings Bank, in account with Mrs. Alida P. Bell or James C. Bell, her husband, or the survivor of them." James C. Bell died on the 9th day of March, 1895, leaving a last will and testament, and the plaintiffs, named therein as executor and executrix, afterwards duly qualified as such.  Alida P. Bell died intestate on the 2d day of November, 1895, and the defendant Montgomery H. Rochester was duly appointed administrator of the goods, chattels, and credits of said deceased.  During the lifetime of the said James C. Bell he retained the actual possession of said pass book, and it never came into that of said Alida until after his death, although she knew of its existence before.  The question is presented whether the plaintiffs, as executors of James C. Bell, deceased, are entitled to demand and receive from the Albany Savings Bank the balance unpaid on the deposits aforesaid; or is the defendant Rochester, as administrator, entitled to collect such fund.  Had the deposit been made to the credit of Mrs. Alida P. Bell and James C. Bell simply, it is clear that the former, on surviving her husband, would have been entitled to the fund remaining in the bank.  In that case there would have been created a joint ownership of the deposit, and under well-settled doctrines the survivor would have been entitled to the property.  I think that the deposit made to the credit of "Mrs. Alida P. Bell or James C. Bell, her husband, or the survivor of them," should be deemed to have the same meaning and effect as would a deposit to the credit of Alida P. Bell and James C. Bell.  Had the entry in the pass book been thus made, either, on presenting the pass book to the bank, could have drawn the whole sum deposited, and the survivor, after the death of one, would have been entitled to demand the whole amount remaining on deposit.  The deposit, as in fact made, to the credit of Mrs. Alida P. Bell or James C. Bell, her husband, also authorized either during their joint lives, on the presentation of the pass book to the bank, to draw the whole fund, and the words added, "or the survivor of them," placed the parties in the same position, and with the same rights, as if the entry had been to the credit of Alida P. Bell and James C. Bell.  This construction of the entry in the pass book effectuates the evident intent of James C. Bell in making the deposit.  The question then arises whether there was a valid gift of the deposit to Alida P. Bell from her husband.  She never had possession of the pass book until after his death.  Ordinarily, to constitute a valid gift of personal property, there must be an intent to give, and a delivery, either by transferring the custody of the property itself given to the donee, or by delivering some symbol which represents possession.  In Beaver

v. Beaver, 117 N. Y. 421, 22 N. E. 940; Id., 137 N. Y. 59, 32 N. E. 998; In re Bolin, 136 N. Y. 177, 32 N. E. 626; Young v. Young, 80 N. Y. 422; Wadd v. Hazelton, 137 N. Y. 215, 33 N. E. 143,— cited by the learned counsel for the plaintiffs, the court of appeals held that no valid gift was established, for the reason that in each of those cases there was no delivery of the thing given, or of any symbol representing possession. There are authorities, however, which have held gifts valid, although there was no actual delivery to the beneficiary; as where one deposits money in his own name in trust for another, and thus makes himself a trustee. Such are the cases of Martin v. Funk, 75 N. Y. 134; Hyde v. Kitchen, 69 Hun, 280, 23 N. Y. Supp. 573; Macy v. Williams, 55 Hun, 489, 8 N. Y. Supp. 658. In such cases the possession by the trustee is for the benefit of the cestui que trust, and, in fact, the possession of the latter. So it has been determined that, where a donor gives to a donee a joint interest in property with himself, the possession of the thing given, or of a symbol thereof, is not required to constitute a valid gift. Where a husband lent money and took a note therefor payable to the order of himself and wife, it was held that this imported a gift to the wife in case she survived him, and a delivery of the note to her by the husband was not necessary. Sanford v. Sanford, 45 N. Y. 723, 58 N. Y. 69. In Fowler v. Butterly, 78 N. Y. 68, a husband took out a policy of insurance, securing a benefit to himself and his wife. In delivering the opinion of the court, Miller, J., said, assuming that there was no actual delivery of the policy to the wife:

"His possession [that of the husband] was the possession of the wife; and the general rule that where there is a gift there must be an actual delivery, therefore has no application. * * * It is, we think, well settled that where the husband takes a security or obtains a policy of insurance, in which the sum named therein is payable to himself and his wife, and she survives him, that the action survives to her, and the form of the security implies a design by the husband to benefit the wife."

See, also, Lowery v. Erskine, 113 N. Y. 52, 20 N. E. 588.

If our conclusion is correct, that the deposit made by James C. Bell in the Albany Savings Bank to the credit of himself or his wife or the survivor of them has the same meaning as if the entry had been made to the credit of Alida P. Bell and James C. Bell, the principles established in the authorities last above cited apply. The deposit thus made by James C. Bell made his wife a joint owner of the sum deposited with himself. It was not necessary to the validity of the gift, under the circumstances, that the wife should have possession of the pass book during the lifetime of her husband. As held in Fowler v. Butterly, supra, the possession of the husband was that of the wife. See, also, Scott v. Simes, 10 Bosw. 314; Orphan Asylum v. Strain, 2 Bradf. Sur. 34; Mack v. Bank, 50 Hun, 477, 3 N. Y. Supp. 441. We conclude that Alida P. Bell, surviving her husband, was entitled to demand and receive from the Albany Savings Bank the balance of the funds deposited by him remaining in the bank at the time of his death. We have examined the cases in the court of appeals cited on behalf of the plaintiff,

and are of the opinion that they do not conflict with the conclusion we have reached.

Judgment should be rendered in favor of the defendant Rochester. All concur.