In re KLENK.

(Supreme Court, Appellate Division, Second Department. November 13, 1914.)

BANKS AND BANKING (§ 129*)—DEPOSITS—JOINT OWNERSHIP—HUSBAND AND WIFE.

Where the proceeds of a sale of real estate by husband and wife were deposited in a bank by both of them in their joint names, they became joint tenants of the deposit, and the husband was not ousted from such tenancy by the wife's withdrawal of a portion of the money and deposit of it elsewhere in her own name, nor by her loaning a part of it and receiving a note therefor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 312–315, 326, 388; Dec. Dig. § 129.*] .

Appeal from Surrogate's Court, Queens County.

Judicial settlement of the accounts of Fritz Klenk, as administrator of the goods, chattels, and credits previously belonging to Marie Klenk, deceased. From a decree of the Surrogate's Court, charging the administrator with certain funds claimed individually by him, in that they were the proceeds of moneys jointly owned by himself and intestate, his deceased wife, and also charging him with the principal of a note found among the effects of intestate, he appeals. Reversed, and remitted to the surrogate for further proceedings.

The administrator and intestate were husband and wife, and prior to May, 1906, were the owners of certain real property, which was purchased from them by the Pennsylvania Railroad Company, they receiving $14,000 net, which on May 7, 1906, was deposited by both of them in the Corn Exchange Bank in their joint names. The fund remained there intact until the wife, without the knowledge or consent of her husband, on October 16, 1906, withdrew $6,000 of the fund and deposited it in her own name in a special account with the same bank. On July 15th she withdrew from such special account $2,500 and deposited it in her own name with the German Savings Bank, and subsequently reduced her account in these banks to the balance with which the decree appealed from charged the administrator, to wit, $1,532.05 in the Corn Exchange Bank and $2,550 in the German Savings Bank. There was also evidence of a note made to intestate by one Albert Klenk for $2,000, and claimed to be for money withdrawn from the deposits by intestate and loaned to him.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

John B. Merrill, of Jamaica, for appellant.
Frederick M. Van Nostrand, for respondents.

PER CURIAM. The husband and wife became joint tenants of the $14,000 deposited (Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543; Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9; Platt v. Grubb, 41 Hun, 447; Matter of Kaupper, 141 App. Div. 54, 125 N. Y. Supp. 878; Kelly v. Home Savings Bank, 103 App. Div. 141, 92 N. Y. Supp. 578; Sanford v. Sanford, 45 N. Y. 723; McElroy v. Albany Savings Bank, 8 App. Div. 46, 40 N. Y. Supp. 422, and the husband was not ousted from such tenancy by her withdrawal of the money and by the deposit of it elsewhere, or by loaning a part of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it and receiving a note therefor (O'Connor v. Dunnigan, 158 App. Div. 334, 143 N. Y. Supp. 373).

The decree of the Surrogate's Court of Queens county should be reversed, without costs, and the matter remitted to the surrogate, to proceed in accordance with this opinion.