(93 Misc. Rep. 135)

### McKENNA v. BOWERY SAVINGS BANK.

(Supreme Court, Appellate Term, First Department.   January 31, 1916.)

1. BANKS AND BANKING ☞301—SAVINGS BANKS—DEPOSITS.

Notwithstanding the rule of a savings bank that all payments to a person producing a deposit book shall be deemed good payments to the depositor, the savings bank is bound to exercise reasonable diligence and prudence in the payment of money to persons other than the depositor,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and when facts are brought to the knowledge of the bank, calculated to excite suspicion, careful inquiry should be made.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159, 1162–1164, 1166–1168, 1172–1176; Dec. Dig. ☞301.]

2. BANKS AND BANKING ☞301—SAVINGS BANKS—PAYMENT OF DEPOSITORS.

Where the signature to a written order purporting to be signed by a depositor in a savings bank presented no striking discrepancies from the signature of the depositor on file, and inquiry would have revealed that the woman who presented the order and had possession of the deposit book was the wife of the depositor, the bank is not guilty of negligence in failing to make inquiries concerning and in paying the order; there being nothing to excite its suspicion.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159, 1162–1164, 1166–1168, 1172–1176; Dec. Dig. ☞301.]

Appeal from City Court of New York, Trial Term.

Action by Hugh T. McKenna against the Bowery Savings Bank. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Cadwalader, Wickersham & Taft, of New York City (Cornelius W. Wickersham and Walter S. Logan, both of New York City, of counsel), for appellant.

John F. McIntyre, of New York City (John F. McIntyre and David C. Hirsch, both of New York City, of counsel), for respondent.

GUY, J.  Defendant appeals from a judgment entered on the verdict of a jury in favor of plaintiff in an action brought to recover moneys deposited by plaintiff in the defendant savings bank, which the evidence showed had been paid out by defendant to a woman who presented plaintiff's passbook, and on drafts purporting to be signed by plaintiff, the signatures upon which drafts plaintiff testified were forgeries.

Plaintiff's wife, from whom he has since separated and to whom the payments were made, appeared as a witness for the defendant, and testified that the signatures to the orders were, in each instance, genuine signatures of the plaintiff, and that the orders were given by plaintiff to her for the purpose of obtaining payment thereof. Evidence was introduced by plaintiff seriously discrediting her character and credibility as a witness. On the question of the genuineness of the signatures there is sufficient evidence to support the finding of the jury that they were forgeries. Assuming, however, that the signatures were forgeries, the question is presented whether there was sufficient evidence of negligence on the part of the defendant in paying moneys on such orders, to a person other than the plaintiff, to justify the submission of the question of defendant's negligence to the jury.

[1] One of the rules of defendant savings bank, to which plaintiff subscribed upon becoming a depositor, provides that:

"All payments made to persons producing deposit books shall be deemed good and valid payments to depositors respectively."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is well settled, however, that the existence of such a rule does not relieve the bank of the duty of exercising reasonable diligence and prudence in the payment of money to persons other than the depositor, and that:

"When facts and circumstances are brought to the knowledge of the bank at the time payments are made, which are calculated to and ought to excite suspicion and inquiry of ordinarily careful and prudent bank officials, it is the duty of the bank to institute such inquiry." Gearns v. Bowery Savings Bank, 135 N. Y. 557, 32 N. E. 249.

See, also, Kelly v. Buffalo Savings Bank, 88 App. Div. 375, 84 N. Y. Supp. 642.

The determination of this question necessarily involves an examination of the alleged forged signatures and comparison of them with the genuine signature of the plaintiff then in the possession of the defendant bank. I am of the opinion, after a careful examination and comparison of the various exhibits, that instead of presenting marked discrepancies such as would arouse suspicion in the mind of an ordinarily prudent and careful bank official, there is so striking a resemblance between the alleged forged signatures and the admitted genuine signature of the plaintiff as would tend to satisfy an ordinarily prudent man that the alleged forged signatures were genuine, rather than arouse any suspicion as to their genuineness. Depositors in savings banks are frequently possessed of little skill in penmanship, and the evidence establishes that such differences as existed between the alleged fraudulent signatures in the various exhibits and the genuine signature of the plaintiff are fewer and less marked than differences that ordinarily appear between admittedly genuine signatures among that class of depositors.

[2] It is contended by the respondent that the mere fact that the passbook was presented by a person of different sex from the depositor, who was described on the books of the bank as a single man at the time of opening the account, was sufficient to arouse suspicion in the mind of an ordinarily prudent man, and, in the exercise of reasonable care and prudence, call for further investigation, and that in failing to make such further investigation the bank was guilty of negligence. It is evident, however, that further inquiry, based on the depositor's previous statement that he was single, would but have resulted in the bank learning what is admitted to be the fact; that the person presenting the passbook was the wife of the plaintiff, then living with plaintiff, and the ascertainment of that fact would have tended to remove suspicion rather than to create it. Payment to a person of different sex from the depositor upon the mere presentation of the book, *unaccompanied by a written order purporting to be signed by the depositor,* or where the signature to the order, when compared with the genuine signature of the depositor in the possession of the bank, presents such discrepancies as would excite suspicion or cause inquiry on the part of an ordinarily prudent bank official, has been held to be evidence of negligence and to present a question for the decision of a jury. See Allen v. Williamsburgh Savings Bank, 69 N. Y. 314, 319.

But in the case at bar the presentation of the passbook was accompanied by the presentation of an order purporting to bear the signature of the depositor, which signature bore a striking resemblance to the genuine signature of the depositor then in the possession of the bank, and presented no such marked and apparent discrepancies as would, except perhaps in the hands of an expert in handwriting, cause suspicion or lead an ordinarily prudent bank official to make further inquiry. "If there are no marked discrepancies, or if it would require a critical examination to detect them, and even if the evidence was such that competent persons might honestly differ in opinion in connection therewith, then it is not sufficient evidence of negligence to create an issue for the jury." Appleby v. Erie County Savings Bank, 62 N. Y. 12. A mere difference in the signature does not require the submission of the case to the jury. Ferguson v. Harlem Savings Bank, 43 Misc. Rep. 10, 86 N. Y. Supp. 825; Israel v. Bowery Savings Bank, 9 Daly, 507. I am of the opinion, therefore, that plaintiff having failed to prove negligence on the part of the defendant, defendant's motion to dismiss the complaint, made at the close of the case, should have been granted.

The judgment must be reversed, with costs, and the complaint dismissed on the merits, with costs. All concur.