JULIA COGAN, Plaintiff, *v.* HARRY TAYLOR, Defendant.

First Department, February 6, 1925.

**Vendor and purchaser — action by vendor for specific performance — claim by purchaser that title is defective through failure in foreclosure to join children of mortgagee, then deceased — mortgage was made to plaintiff's grantor and her husband — conceded that it was intention of mortgagees to take as joint tenants — husband died and wife, plaintiff's grantor, brought suit individually to foreclose mortgage making herself, as administratrix, party defendant — children of mortgagees had no interest in mortgage and were not necessary parties — plaintiff's grantor took mortgage as survivor — submission of controversy — submission should demand relief — failure may be remedied under Civil Practice Act, § 548.**

The title held by the plaintiff which her grantor acquired on a mortgage foreclosure sale in an action brought by said grantor, individually, in which she made herself, as administratrix, a party defendant, is not defective for failure to join the grantor's children, since it appears that the mortgage in question was made to the plaintiff's grantor and her husband; that it is conceded that the mortgagees took the mortgage as joint tenants; that the husband of plaintiff's grantor died before the commencement of the foreclosure action, and the plaintiff's grantor was appointed administratrix of his estate; and that in the foreclosure action in which proof was taken, the court found that it was the intention of the original parties to the mortgage to create the right of survivorship and that on the death of the husband the plaintiff's grantor became sole owner of the mortgage.

As administratrix, the plaintiff's grantor had title to the personal property of her deceased husband, and the only right that the children of the marriage had was to share in the net estate after the payment of expenses, taxes and debts; they had no title to the personal property including the mortgage in question, and, therefore, if the plaintiff's grantor did not, by virtue of her right of survivorship, become the sole owner of the mortgage, she did, as administratrix, hold the title thereto, and the children were not necessary parties to the foreclosure action.

However, the intention of the mortgagees to take the mortgage as joint tenants controls, and it must be held that the plaintiff's grantor acquired absolute title to the mortgage as survivor.

Where a controversy is submitted on an agreed statement of facts, the submission must contain a demand for relief, but the failure to make a demand can be remedied under section 548 of the Civil Practice Act.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

The cause of action arises out of a contract to sell real estate and involves the title of the plaintiff to property located in the county of New York.

*John J. Ryan* [*Matilda Spitzer* of counsel], for the plaintiff.

*Grenier, Peecock & Buck* [*J. Franklin Buck* of counsel], for the defendant.

MARTIN, J.:

The defendant, the purchaser under a contract relating to realty, has rejected the title on the ground that it is not marketable. Plaintiff seeks specific performance; defendant counterclaims for the down payment of $1,500, as well as the amount of his expenses for examination of title and counsel fees.

It appears that defendant has been advised by the representatives of a title company that plaintiff's title is defective, in that it comes down from a referee, appointed to sell in an action to foreclose a mortgage, in which action necessary parties were not joined.

The mortgage was made to John J. Sullivan and Julia A. Sullivan, his wife. It is agreed that it was their intention " to take such mortgage, as joint holders with a survivorship, *inter se*, and it was not their intention to take such mortgage as tenants in common."

John J. Sullivan died on September 6, 1913, leaving Julia A. Sullivan, his wife, and several children. His widow was appointed his administratrix and qualified as such. The foreclosure action referred to above was commenced in 1914. It was brought by her in her individual right as plaintiff against herself as administratrix of her husband. The children were not made parties but all other persons in any way affected were.

It is the failure to make the children defendants which is pointed to as a basis for the claim of a defect in plaintiff's title. The foreclosure action went to trial and proof was taken that the intention of the original parties to the mortgage was to create the survivorship referred to above. The court so found; and, as a conclusion of law, also found that, on the death of the husband, his wife, Julia A. Sullivan, became sole owner of the mortgage.

She became the purchaser at the referee's sale and took a deed from the referee. In 1916 she conveyed to plaintiff. The point argued relates to the meaning and effect of the decision made in *Matter of Blumenthal* (236 N. Y. 448), where the mortgagees were man and wife and it was held that they took in common. That point does not seem to us to be involved in this case.

The husband died intestate. It is agreed that the administratrix was made a defendant in the foreclosure action. As administratrix she had the sole title to the personal property left by her husband. The children were entitled to share in the net estate after the payment of expenses, taxes and debts, but they had no title to the personal property. Their claim and remedy was against the administratrix for an accounting. If she permitted anything to be done in the foreclosure action which should not have been done, or any judgment to be obtained which should not have been obtained, she was liable to the distributees as administratrix.

The purchaser's case rests on the assumption that the children of John J. Sullivan had undivided interests in the mortgage. Although they were entitled to share under the Statute of Distribution in the net estate resulting from personal property, they had no title or interest in the personal property left by the decedent. Therefore, even if the widow did not, by virtue of a right of survivorship, become the sole owner of the mortgage, the children had no title or interest in it, which made it necessary to bring them in as parties to the foreclosure action. This requires a decision in favor of the plaintiff.

The opinion in *Matter of Blumenthal (supra)* indicates that a husband and wife, as sole mortgagees, are owners in common of the mortgage and that there is no right of survivorship analogous to that in an estate by the entirety, excepting when the husband and wife, taking the mortgage, indicate an intention that there shall be such right of survivorship. Plaintiff's position is that, while presumptively there is survivorship in such a case, the presumption may be indulged in only when no intention to the contrary is shown. In this we think plaintiff is right.

The Court of Appeals in the *Blumenthal Case (supra)* refers to the case of *West* v. *McCullough* (123 App. Div. 846; affd., 194 N. Y. 518), distinguishing it from the case of *Matter of Baum* (121 App. Div. 496). Referring to the *McCullough* case, the court said: " The very opening sentence of the *McCullough* case shows the difference. ' When George W. McCullough changed the savings bank account to the names of himself and wife he had controlling authority for believing that that act evidenced an intention on his part to benefit his wife to the extent of a right of survivorship in said fund, and that nothing remained to be done to effectuate that intention.' (p. 847) Here is the point of difference and the point of the case.

" The intention of the husband is the thing to be looked for. * * * But how can we discover any such intention when we do not know who owned or paid for the property in the first place? Such an instance was touched upon correctly by the late Mr. Justice BURR in *Matter of Kaupper* (141 App. Div. 54, 57). ' In the absence of direct evidence as to the intent, the law deals with presumptions. * * * ' "

At page 454 Judge CRANE said: " The mortgage was merely security. It granted the property upon the terms and conditions stated in the mortgage, ' to Alfred Blumenthal and Hannah Blumenthal, his wife.'

" This is all we have. There is nothing else to indicate the intention of the parties except these words. Under these circum-

stances the bond and mortgage were held in common and the husband and wife had an equal share or ownership therein."

In this controversy it is agreed: " g. That it was the intention of the said Sullivans, at said time, to take such mortgage, as joint holders with a survivorship, *inter se*, and it was not their intention, to take such mortgage as tenants in common."

Plaintiff appears to be correct in contending that, when established, the intention, that a man and wife are joint owners with survivorship of a mortgage made to them, prevails over the presumption that they are owners in common.

In *Matter of Kaupper* (141 App. Div. 54, 57) it is said: " Conceding that the law does not recognize such a thing as tenancy by the entirety in personal property (*Matter of Albrecht*, 136 N. Y. 91, 94), it still does recognize a joint tenancy in personal property, which may be created if the parties so intend, irrespective of whether the tenants be husband and wife, and in such case the right of survivorship does exist. (*West* v. *McCullough*, 123 App. Div. 846; affd., 194 N. Y. 518.) In the absence of direct evidence as to the intent, the law deals with presumptions. It has been held that if the husband and wife each contribute to a joint investment, or to the purchase of a security, and the title is taken in their joint names to be held by them, their executors, administrators or assigns, no presumption arises from the nature of the act that either intended to make a gift of his or her share to the survivor, and they would hold the same as tenants in common. (*Matter of Albrecht, supra.*) On the other hand, where a husband purchases with his own funds personal property, taking the title thereto in the joint name of himself and his wife, or makes a deposit in the savings bank of his own funds in their joint names, in the absence of other evidence the presumption will be that he intended to confer upon his wife the right of survivorship. (*West* v. *McCullough, supra; Platt* v. *Grubb,* 41 Hun, 447; *McElroy* v. *Albany Savings Bank,* 8 App. Div. 46; *McElroy* v. *Nat. Savings Bank,* Id. 192; *Matter of Meehan,* 59 id. 156.) Where it does not appear to whom the money belonged when it was placed in the bank, or who placed it there, although the bankbook may be in the joint name of husband and wife, in the absence of other evidence of intent the presumption will obtain that each had an equal interest therein."

Against the view that intention is to govern, a practical objection may be made. It may be said that one taking over the mortgage from the surviving spouse would require an assignment from the representative of the deceased spouse. Such an assignee would not know what could be proved as to intention, and would not consider himself to be protected unless he had such an assignment.

The answer to this is the opinion of the Court of Appeals in the *Blumenthal* case which clearly indicates that the intention governs.

We find it necessary to call the attention of counsel to the fact that the submission is not in proper form, inasmuch as there is no relief demanded. This can be remedied, however, under section 548 of the Civil Practice Act, and proper amendments should be submitted before settlement of the order.

There should be judgment for plaintiff, with costs.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment ordered for plaintiff, with costs. Settle order on notice.