■ STANLEY NOVAK, Respondent, v. GREATER NEW YORK SAVINGS BANK, Appellant.— In an action to recover $12,600 plus the applicable compound interest, $12,000 of which was paid by defendant on a forged withdrawal order on plaintiff's account, defendant appeals from a judgment of the Supreme Court, Kings County, entered October 29, 1970, in favor of plaintiff upon a jury verdict. Judgment reversed, on the law, without costs, and judgment directed to be entered in favor of plaintiff against defendant for $660.67 with interest from April 24, 1969. In our opinion, the trial court erred in denying defendant's motion for a directed verdict, as to $12,000 of plaintiff's claim, and should have directed a verdict for plaintiff for $660.67, with interest from April 24, 1969. In this action to recover moneys deposited by plaintiff in defendant savings bank, the evidence showed that $12,000 had been paid out by defendant to a man who presented plaintiff's bankbook and a withdrawal order purportedly signed by plaintiff. Assuming that the signature was a forgery, there still remains the issue of whether there was sufficient evidence of negligence on the part of defendant in paying out these moneys to one other than the depositor to present a jury question. The determination as to whether defendant exercised due care necessarily involves a comparison of the alleged forged signature with the genuine signature of plaintiff on file with defendant (McKenna v. Bowery Sav. Bank, 93 Misc. 135, 137, affd. 180 App. Div. 933). The rule is that "if the two signatures were so dissimilar as when compared the discrepancy would be easily and readily discovered by a person competent for the position, then the failure to discover it would be evidence of negligence which should have been passed upon by the jury. It woud not be evidence of negligence if the difference was not marked and apparent, or if it would require a critical examination to detect it, and especially if the discrepancy was one as to which competent persons might honestly differ in opinion" (Appleby v. Erie County Sav. Bank, 62 N. Y. 12, 18). Here, we find, upon comparison, that the alleged forged signature on the withdrawal slip is almost identical with the genuine signature of plaintiff on file with defendant. Furthermore, the signatures on the back of the slip and on the bank check, which were made at defendant's request when the customer insisted upon cash and also constitute forgeries according to plaintiff, bear a similarly striking resemblance to the genuine signature on file. Indeed, plaintiff nowhere contends that there exists any marked or apparent discrepancy. Therefore, we hold that there was insufficient evidence of negligence on the part of defendant in paying out the $12,000 to create an issue of fact for the jury (McKenna v. Bowery Sav. Bank, supra; Bloom v. Bank for Sav., 10 A D 2d 861). However, it developed upon the trial that plaintiff was undisputedly entitled to recover $660.67, with interest from April 24, 1969, in any event, that being the balance remaining in his account after deduction of the $12,000 withdrawal. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.